**Petition of ERNST.**

**No. 2227–O'C.**

District Court, S. D. California, Central Division.

July 9, 1942.

448

Russell A. Johnson and Arnold Praeger, both of Los Angeles, Cal., for petitioner.

William Fleet Palmer, U. S. Atty., and E. H. Mitchell, and A. M. Jewell, Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los

Angeles, Cal., for respondent United States Government.

J. F. T. O'CONNOR, District Judge.

This is a petition by Marion Boisot Ernst, as executrix of the estate of Emile K. Boisot, for an order directing testimony to be taken in perpetuam rei memoriam pursuant to Rule 27(a) (1) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

The petition alleges as follows:

In November, 1935, the deceased, Emile K. Boisot, executed a gift to his son, Louis M. Boisot, amounting to $162,920, and during the same month and year the deceased created an irrevocable trust of which the petitioner, Marion Boisot, is the principal beneficiary, into which trust were deposited securities valued at $155,360.33.

On February 1, 1941, Emile K. Boisot died. Thereafter, the petitioner was duly appointed executrix of the last will and testament of decedent, which last will was duly admitted to probate in the Superior Court of the State of California in and for the County of Los Angeles, on March 3, 1941. On April 21, 1942 petitioner filed with the Collector of Internal Revenue, at Los Angeles, California, the Federal Estate Tax Return in the matter of the Estate of said Emile K. Boisot, deceased, indicating the amount of federal estate taxes due in accordance therewith, and on said date petitioner paid to said Collector of Internal Revenue the amount of said taxes. In the above tax returns were disclosed the facts of the gift by Emile K. Boisot to Louis M. Boisot and the creation of the trust in favor of Marion Boisot Ernst, as principal beneficiary, and the amounts involved in each transaction. The petitioner now claims, and in said Federal Estate Tax Returns claimed, that the said gift and trust were not includible in the gross estate of the decedent, and therefore not subject to federal estate tax. In anticipation of assessment of a deficiency federal estate tax on the amounts involved herein, viz: $162,920, representing the gift of November, 1935, and $155,360.30, representing the trust, an order for the perpetuation of testimony of certain prospective witnesses designated in the petition is sought. The testimony to be elicited from these witnesses, in substance, is set forth in the petition, and tends to prove the motives and reasons of said Emile K. Boisot in executing the said gift and creation of the trust. Petitioner further avers on information and belief "that in cases where a person of advanced age makes gifts inter vivos, within a few years of his death, of a substantial portion of his property, it is usual for the Bureau of Internal Revenue to claim that such gifts were made in contemplation of death and to assess deficiency taxes if the amount of such gifts has not been included in the decedent's gross estate in the Federal Tax Return filed with the Collector of Internal Revenue."

The decedent was a person of advanced years when the above gift was made and trust created. Neither the Collector nor the Commissioner of Internal Revenue has claimed, or attempted to assess, any deficiency federal estate tax.

In opposition to the petition, the respondent propounds the following contentions:

"1. The petition fails to show that the petitioner expects to be a party to an action cognizable in a court of the United States, as required by Rule 27(a) (1)-1;

"2. The petition fails to show that the petitioner is presently unable to bring such an action or cause it to be brought, as required by Rule 27(a) (1)-1;

"3. The petitioner has failed to show sufficient reasons for desiring to perpetuate the testimony, as required by Rule 27(a) (1)-3 and 27(a) (3); and

"4. The proposed testimony is not testimony which the principles of equity practice and modern statutes have allowed to be perpetuated by an action in anticipation of litigation not instituted."

The respondent's objections will be determined in the order enumerated:

Rule 27 of the Rules of Civil Procedure provides: "A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the United States, may file a verified petition in the district court of the United States in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in any court of the United States but is presently unable to bring it or cause it to be brought, * * *." To sustain its first contention, respondent declares in substance that the petition fails to manifest any act of aggression on the

450

part of the Commissioner of Internal Revenue signifying his intention to determine a tax deficiency or to commence a legal proceeding, and therefore this petition is not entertainable in a court of the United States. This stand may be in accordance with common practice and valid on that basis, yet the effect of such demeanor is unwarranted and its impropriety obvious in view of the subject matter involved and the laws governing the same. Concerning this issue, respondent impliedly concedes the existence of all the requirements of this phase of Rule 27, except that the petitioner's remedy is a hearing before the Board of Tax Appeals, which is not recognized as a court. Admitting that the Board of Tax Appeals is not a court in the sense of a judicial entity, Old Colony Trust Co., et al., v. Commissioner, 279 U. S. 716, 725, 49 S.Ct. 499, 73 L.Ed. 918, and that the petitioner before it would not be a party to an action, "cognizable in any court of the United States," yet, respondent overlooks the alternative methods provided in the Internal Revenue Code for the determination of any deficiency tax which may be assessed against a particular estate. In lieu of a review by the Board of Tax Appeals of a deficiency tax assessment, as provided by section 272, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 272, the petitioner may follow the procedure provided in section 3772, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3772, which allows, under prescribed conditions, the maintenance of a suit in a court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed. Although the language of the statute is negatively expressed, its effect is as indicated heretofore. The option of electing the mode of procedure, as prescribed by sections 272 and 3772, supra, is with the taxpayer. An election under section 3772 constitutes a cause cognizable in a court of the United States. No valid reason is submitted why a party to a prospective action should be deprived of an equitable remedy merely because the tax statute has alternative methods of procedure to pursue. Nor does rule 27 make any such distinction. All that is required is: "any matter that may be cognizable in any court of the United States." The statute is entitled to liberal construction. Westinghouse Mach. Co. v. Electric Storage Battery Co., 3 Cir., 170 F. 430, 25 L.R.A.,N.S., 673.

2. Rule 27(a) (1)-1 supra, states, inter alia: "A person who desires to perpetuate his own testimony or that of another person * * * shall show [by his petition]: 1, that the petitioner * * * is presently unable to bring [an action] or cause it to be brought, * * *." The substance of this clause reveals its true purport. In State of Arizona v. State of California, 292 U.S. 341, 348, 54 S.Ct. 735, 737, 78 L.Ed. 1298, one of the elements required to perpetuate testimony in anticipation of a suit is that, "the plaintiff is not in a position to start one in which the issue may be determined." The chancellor said in a frequently cited case on the subject: "Bills to perpetuate testimony proceed, not on the ground of imminent risk of loss before a pending suit can reach a trial, but on the ground that the party not being in a situation to bring his title to a trial, his evidence may be lost through lapse of time, a risk affecting all evidence, irrespective of any particular condition of a witness. The right to this relief, therefore, does not depend upon the condition of the witness, but upon the situation of the party, and his power to bring his rights to an immediate investigation." Hall v. Stout, 4 Del.Ch. 269, 272. "If the right, interest or claim could possibly be made the subject of an immediate judicial investigation in an action brought by the party who commences a suit to perpetuate testimony, such suit would for that reason be dismissed; but if the party cannot possibly bring the matter before a court so that his right or claim may be adjudicated upon at once, the equity suit to perpetuate the testimony can be maintained. The reason given by the cases is that the only evidence in support of the plaintiff's rights might be lost by the death of his witnesses; and the adverse party might delay to move in the matter for the very purpose of obtaining the advantage resulting from such an event." Pom.Eq.Juris., 4th Ed., Vol. 1, p. 321, sec. 211. The court, in Westinghouse Mach. Co. v. Electric Storage B. Co., supra, lucidly delves into the historical aspect of the bill to perpetuate testimony and its inception into the federal jurisdiction. Therein, Judge Buffington concludes [170 F. 434, 25 L.R.A.,N.S., 673]: "The interest of the appellant in the subject-matter, its inability to bring suit or make appellee's patent a subject of judicial inquiry, and the risk that the testimony in its favor may be lost, warranted the relief

sought." Worthy of note is the emphasis all the authorities place upon the words, "immediate judicial investigation," or "present ability to cause to be brought," or other words of similar import. Rule 27(a) (1)-1 of the Rules of Civil Procedure adopts synonymous language.

Can the petitioner institute an immediate judicial investigation or presently cause one to be brought? To do so, her only recourse would be pursuant to section 3772 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 3772. Subdivision 2 of that section provides: "No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates." Clearly, all effort to "presently bring an action or cause one to be brought" is obviated by the time limitation of six months prescribed by the statute unless the Commissioner renders a decision thereon within that period. That the Commissioner may render a decision before the expiration of six months does not enlarge the ability of the petitioner to bring an action or cause one to be brought, as the rendition of a decision is entirely within the functions of the Commissioner's office. The taxpayer can do nothing but wait. Conjoining the time limitation under section 3772(2) supra, with the spirit of Rule 27(a) (1)-1 of the Rules of Civil Procedure justifies an interpretation favorable to the petitioner. The respondent's third contention is confined to petitioner's failure to allege sufficient reason for desiring to perpetuate the testimony as required by Rule 27(a) (1)-3. Subdivision 3 states: that the petitioner is required to show "the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it." The petition discloses that the facts desired to be established are the motives and reasons of the decedent for executing the gift and creating the trust in question. Undoubtedly the deceased's motives and intention are the decisive factors in determining whether the above transactions were made in contemplation of death or not. Evidence or testimony conducive to establishing these elements is competent.

It is common knowledge that the lapse of time is replete with hazards and unexpected events. This is so regardless of the age, health or general status of an individual, and an allegation thereof, although helpful to the court in deciding the problem presented, is not fatal. The granting of a bill directing testimony in perpetuam rei memoriam is aimed principally at the uncertainties appended to the passage of time. "The reasons which are stated for desiring to perpetuate the proposed testimony must show a danger of losing the evidence by delay. Ordinarily, a showing that the petitioner is presently unable to bring the expected action or cause it to be brought, is sufficient showing of the danger of the loss of evidence by delay. But when warranted by the circumstances, a showing that the persons with knowledge of the facts are aged or infirm, thus clearly indicating the danger that the evidence may be lost, is helpful. It is advisable, although not necessary, to show the existence of particular circumstances surrounding the condition of the evidence indicating an imminent danger of the loss of the evidence, in addition to the danger of loss attendant upon all evidence through lapse of time, for in such situations the court will readily be satisfied that the perpetuation of the testimony will prevent a failure or delay of justice." Moore's Federal Practice Under the New Federal Rules, page 2526, sec. 27.05—3.

Petitioner's reply brief alleges the death of Louis Boisot, the son to whom the above gift was made, and yet he was in his forties. Would the respondent contend that his death was anticipated or that he would not have been a valuable witness had he lived. Obviously not. A greater failure or delay of justice would follow by a denial of petitioner's request than by granting it.

The strained construction of Rule 27 which the respondent implores this court to apply in support of its last contention is not impressive. In broad terms, Rule 27, supra, allows a person to perpetuate "his own testimony or that of another person regarding any matter * * *." This unrestricted phraseology is in harmony with the equitable concept of permitting a complete presentation of the facts whenever the occasion demands, without jeopardizing the petitioner's case by a lack of evidence. The respondent's argument is

less convincing when it states that "the decedent's daughter is in a position to have considerably more information and evidence of decedent's actions than would be available to the Commissioner * * *" and "* * *. In fact, all of the evidence, information and testimony pertaining to decedent's affairs are much more within the control of the petitioner than they would be available to the Commissioner * * *." Petitioner's response to this argument is sufficient when she states: that "If the order prayed for herein is granted, then the Commissioner will be able to obtain all the information that petitioner now has relative to the decedent's motives in making the gift and creating the trust involved in this matter. It should be a benefit and not a detriment to him, either in determining whether a deficiency should be assessed, or in the trial of the case."

The petition to perpetuate the testimony of the witnesses named in the petition is granted.