## THOMAS *v.* FARR.

[No. 20,161. Filed June 4, 1965.]

*Max Cohen,* of Gary, for appellant.

*Sheldon H. Cohan,* of Gary, for appellee.

MOTE, J.—Appellant, P. C. Thomas, was adjudged by the Lake Juvenile Court to be the father of a male child born out of wedlock to appellee, Peggy A. Farr. The adjudication resulted from the filing by appellee in said court, and the subsequent hearing thereon, of a petition alleging appellant to be the father of a male child born on December 7, 1962. The issue was raised by said petition and appellant's answer in denial thereof. On August 7, 1963, the cause was submitted to the court for hearing and trial, and all evidence was concluded on this said day and both parties rested their case. The court continued the cause for findings and judgment to August 26, 1963.

After two more continuances at the request of the appellant, said party filed his Verified Petition to Take

Deposition of a material witness on the 14th day of October, 1963. On October 30, 1963, the court denied appellant's Motion to Take Deposition and entered its finding that appellant was the father of the said child, and continued the cause until November 6, 1963, for further findings and judgment. Again the case was continued at appellant's request until November 13, 1963, at which time appellant filed a Motion to Withdraw Submission which was denied, and the court entered its findings upon which judgment was rendered adjudging appellant to be the father of said male child, providing support money for the child, payment of appellee's attorney fees, and ordering appellant to give bond conditioned that appellant perform the judgment and orders therein.

On November 22, 1963, appellant filed his Motion for Rehearing as provided by §3-640, Burns' 1946 Replacement, and the motion was set for hearing on January 8, 1964, at which time the motion was submitted to the court for argument, and said motion was denied.

Appellant assigns as error the overruling of appellant's Motion for Rehearing which is as follows:

### "MOTION FOR RE-HEARING

Comes now the defendant and moves the court for a re-hearing and in support of said motion alleges and says:

1. The decision of the court is contrary to law.

2. The decision of the court is not sustained by sufficient evidence.

3. For errors of law occurring at the trial in this, to-wit:

a. The court erred in denying defendant's petition to take deposition.

b. The court erred in denying defendant's motion to withdraw submission in that the submission of this cause for trial to the court was had on August 7, 1963; that the court made no finding or judgment until November 13,

1963, more than 90 days after the submission; that the purported finding of the court on October 30, 1963, in which the court purported to find that the defendant was the father of a child born out of wedlock, was a nullity in that no order book entry had ever been made or signed by the judge of this court reflecting said purported finding; that as of the filing of this motion no order book entry has been made or signed by the judge of this court reflecting the purported finding of the court on October 30, 1963.

WHEREFORE, defendant prays that he be granted a re-hearing and for all other just and proper relief."

Appellant groups the above specifications of error Numbers 1 and 3a for purposes of argument, and also relies on Specification of Error 3b as error committed by the trial court.

By waiving Specification of Error Number 2, the appellant admits, both in his brief and in oral argument, that the record contains sufficient evidence of probative value on which the trial court could have based its finding and judgment.

Appellant primarily bases his appeal on the alleged error of the trial court in denying his Petition to Take Deposition of a material witness. The essential parts of this petition recite that a material witness, A. B. Bland (also referred to in the record as A. B. Blaine), who at the time was residing in Vicksburg, Mississippi, would give evidence at a deposition that from December 1961 through April 1962, said A. B. Bland had sexual intercourse with the appellee.

The appellant asserts that the uncontradicted evidence shows the following facts: that appellee knew A. B. Bland; that in the middle of December of 1961 both of appellant's legs were broken at his place of employment, requiring his hospitalization for fifty-

seven (57) days prior to his discharge on February 10, 1962; that he required a walker to move about until March 10, 1962; and that he used crutches for a month after that.

According to the testimony of appellee the child was conceived around the last of February or the first of March of 1962. It is appellant's contention, based on the prior testimony, that the court erred in not permitting additional evidence having a bearing upon whether others than the appellant may have had sexual relations with appellee during the period in which conception could have taken place. Relying solely on the case of *Opp* v. *Davis* (1961), 133 Ind. App. 365, 179 N. E. 2d 298, (rehearing denied), appellant maintains that he was denied sufficient opportunity to exhaust the use of all suggested avenues affecting his alleged parental status in order to assure as great a degree of certainty as possible in determining the parentage of the male child involved.

It is a well established principle of law that the decision as to whether or not leave to take a deposition should be granted is within the sound discretion of the court trying the cause, and if such discretion is abused it can be reviewed on appeal. See *State ex rel. Rooney et al.* v. *Lake C. C., etc.* (1956), 236 Ind. 345, 140 N. E. 2d 217.

In considering the facts in this case as set forth, and bearing in mind the holding and purpose of *Opp* v. *Davis, supra*, we come to the inescapable conclusion that no such abuse has occurred.

Although we agree fully with the decision and reasoning found in the *Opp* case, *supra*, as applied to the circumstances contained therein, we are of the opinion that the case at bar is readily distinguishable.

In the case of *Opp* v. *Davis, supra*, at the conclusion of the direct and cross-examination of appellant, and

before appellant rested, the court granted appellant's request for additional time in which to locate additional witnesses. A subsequent request for continuance was again granted by the court by reason of lack of service of subpoena on the additional witnesses for the defense. On October 20, 1960, appellant made a showing of said service on five (5) named male persons. Three (3) of these five (5) appeared and testified that they had no sexual intercourse with appellee. The court then refused to permit appellant to examine said witnesses as to prior contrary statements to their present testimony, and refused the use of leading questions to the "obvious surprise and hostile" witnesses. The appellant then rested his case with no request for continuance to produce the missing witnesses after stating to the court, "that is all the witnesses we have unless the court wants to do something about the two missing witnesses." In a motion for new hearing, appellant alleged that he was denied a fair hearing by the court's failure to grant time for the production of the missing witnesses; the failure to allow proper latitude for impeachment of a hostile witness; and the fact that there was newly discovered evidence which appellant could not, with reasonable diligence, have discovered and produced at the hearing. In support of the latter assertion appellant attached an affidavit alleging that subsequent to the hearing, said affiants confronted two of three said witnesses and both admitted having sexual relations with appellee during the critical period, and one declared that the third witness had "lied like a dog" in his testimony. No counter affidavit was filed to deny the allegations of appellant's affidavit in support of a motion for a new hearing, and since a strong inference of perjured testimony obviously existed, a new hearing was granted.

In distinguishing the case at bar, it should be noted

that the unchallenged and undenied allegations of sexual intercourse in the said affidavit attached to ■ and made a part of the Motion for Rehearing in the *Opp* case, *supra,* were primarily determinative in the granting of a new hearing.

The testimony in the case herein clearly shows that such a denial had already been made by appellee, and to require further denial would be surplusage.

"Q. During the time in question, say February, January or March of 1962, did you ever have sex relationship with A. B. Blaine?

A. No, definitely."

Obviously, the appellant in the *Opp* case, *supra,* exercised due diligence in securing material witnesses under the circumstances involved, but due to the surprise that appellant could not reasonably anticipate, justice demanded the interruption of the orderly proceedings of the hearing. It is our opinion that such diligence was not exercised herein for the following reasons:

(1) The appellant, the brother-in-law of A. B. Bland, either prior to or during the hearing, was aware of the date of birth of the child, the name of the doctor who delivered the baby, and the fact that the baby was not premature. Considering this, appellant could have reasonably anticipated that rebuttal witnesses would be necessary to demonstrate the access by other than the accused during the critical period.

Yet at no time prior to resting his case did the appellant attempt to inform the court of a need to procure additional witnesses for either rebuttal evidence as to the date of conception, or impeachment testimony as to appellee's specific denial of sexual intercourse with A. B. Bland during the critical period, despite the fact that this evidence was clearly before the court.

(2) The appellant, after resting his case, requested and received two continuances, having nothing to do with the procurement of witnesses and delaying the proceedings for over two months, before requesting leave of the court to take the deposition of A. B. Bland.

It is the opinion of this Court that appellant has not exercised due diligence in the attainment of his evidence, and to permit the taking of depositions over two months after resting his case, in the absence of surprise or that which might not have reasonably been anticipated, would be to open the door for countless interruptions to orderly procedure every time the losing party had an afterthought as to additional evidence which could be submitted for consideration.

Proceedings to determine paternity are civil actions and the paternity of a child need only be proved by a preponderance of the evidence and not beyond a reasonable doubt, and the appellant himself admits that there was sufficient probative evidence to justify the decision in favor of the appellee, and permits no conclusion other than that the court below did not abuse its discretionary power.

We also find no validity in the allegation that there was error in denying appellant's motion to withdraw submission in accordance with Rule 1-13 of the Rules of the Supreme Court of Indiana.

Although appellant contends that more than ninety (90) days elapsed after both parties rested their case on August 7, 1963, the record discloses that on October 30, 1963, well within the ninety (90) day limitation, the court entered a finding on the docket sheet that the appellant was the father of the said child. This Court held in the case of *Barkey* v. *Stowell* (1947), 117 Ind. App. 162, 70 N. E. 2d 430, as follows:

"It is firmly established by the authorities in in this state that in proceedings to establish the

paternity of a child born out of wedlock, the only ultimate issue involved upon trial of the cause is the question as to the paternity of the child and that the trial proper ends with the finding of the court or jury upon the issue as to whether the defendant is, or is not, the father of such child.
. . . ."

The record clearly shows that within this ninety (90) day period on five separate occasions the appellant either requested a continuance or filed a motion or petition which would require a continuance. It should be noted that the sole case which appellant relies upon in this portion of his argument. *In re Ordinance No. 464 etc.* v. *City of Jasper* (1961), 242 Ind. 475, 179 N. E. 2d 749, has established that:

"We would note also, as related to the application of the above enunciated rule, that although a mandatory duty to act may be imposed upon a trial court by statute or rule, the parties may, by their own conduct, be estopped to assert a right to the relief to which otherwise they would have been entitled. . . . (cases cited)."

The intent of this opinion is to detract in no way from the purpose of the *Opp* case, *supra,* the purpose of which was to secure as great a degree of certainty as possible in determining the parentage of the child involved. However, we are of the opinion that the *Opp* case, *supra,* is, and must be, distinguished from the case at bar.

The judgment of the trial court is affirmed.

Bierly, C.J., Hunter and Smith, JJ., concur.

NOTE.—Reported in 207 N. E. 2d 650.