**Petition of Blanche S., Wife of and Edward B. BENJAMIN.**

**Sundry 228.**

United States District Court,
E. D. Louisiana.

April 19, 1971.

A. J. Gray, III, Milling, Saal, Benson, Woodward & Hillyer, New Orleans, La., for petitioners.

CASSIBRY, District Judge.

This matter came on for hearing on April 14, 1971 on the petition of Blanche S. and Edward B. Benjamin to perpetuate the testimony of Frank Youngman, Joseph Wilenzick and John F. Amend concerning their participation in an audit which resulted in the determination of a tax deficiency for the calendar years 1961 and 1964. After due consideration of the pleadings and memoranda on file, and argument of counsel,

It is ordered that the petition for perpetuation of testimony be, and it is hereby, denied.

REASONS

The petitioners fail to meet the conditions precedent to the granting of a petition under Rule 27, F.R.Civ.P., in that they are presently able to bring an action in the United States Tax Court for a judicial inquiry into the alleged tax deficiency and the surrounding facts. Arizona v. California, 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934). Petitioners' reliance on Petition of Ernst, 2 F.R.D. 447 (S.D.Calif.1942) is misplaced. In Ernst, the Court granted a petition to perpetuate testimony even though the petitioner was then able to obtain a review of his alleged deficiency by the Board of Tax Appeals. The basis for the decision, however, was the Court's holding that the Board was an executive agency and review by it was not a judicial determination. The authority of Ernst on this point was abrogated by the amendment of Section 7441 of the Internal Revenue Code of 1954, Appendix, by the Tax Reform Act of 1969. Section 951, Pub.Law 91–172, Dec. 30, 1969, 83 Stat. 487. By this amendment, the United States Tax Court, successor to the Board of Tax Appeals, was made a court of record under Article I of the United States Constitution. It is no longer an executive agency. Sen.Rep. 91–552, pp. 301–305, U.S.Code Cong. & Admin.News 1969, p. 2027.