Lawrence D. SOWERS, Appellant–
Petitioner Below,

v.

LAPORTE SUPERIOR COURT, NO. II,
and Honorable Stephen E. King,
Appellee–Respondent Below.

No. 46A03–9103–CV–00073.

Court of Appeals of Indiana,
Third District.

Aug. 29, 1991.

Lawrence D. Sowers, pro se.

STATON, Judge.

■ Lawrence Sowers, an inmate at the Westville Correctional Center, appeals the trial court's denial of his Rule 27(A) motion to perpetuate testimony in anticipation of his Tort Claims Act (Act) lawsuit alleging that certain corrections officers had negligently lost items of his personal property. Sowers filed his motion because of concerns that witnesses expected to be called in his suit would not be available when he ultimately files his claim under the Act.[1] Sowers raises two allegations of trial court error, which we consolidate and rephrase as:

Whether the trial court abused its discretion in denying Sowers' request to perpetuate testimony prior to the commencement of his lawsuit.

We affirm.

■ We first note that the appellee has not filed a brief in this matter; accordingly, we will reverse the trial court if Sowers can demonstrate prima facie error. *Pettiford v. State* (1987), Ind.App., 504 N.E.2d

324. "Prima facie" error is error at first sight, on first appearance, or "on the face of it." *McBride v. Cox* (1991), Ind.App., 567 N.E.2d 130, *reh. denied.*

The rule upon which Sowers claims the trial court abused its discretion provides in part:

(A) **Before action.**

(1) **Petition.** A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court in which the action may be commenced, may file a verified petition in any such court of this state.

The petition shall be entitled in the name of the petitioner and shall state facts showing:

(a) That the petitioner expects to be a party to an action cognizable in a court of this or another state;

(b) The subject matter of the expected action and his interest therein;

(c) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it;

(d) The names or a description of the persons he expects will be adverse parties and their addresses so far as known; and

(e) The names and addresses of the persons to be examined and the sub-

---

**1.** At first blush it would appear that this appeal poses a problem of justiciability in that Sowers' tort claim against the State has either been approved, or it has been denied allowing him to proceed with his lawsuit. *See* IND. CODE 34–4–16.5–10, –12. If his claim has been approved, he has already been compensated for his loss; if his claim has been denied, he is now free to file his lawsuit and avail himself of discovery pursuant to the Rules of Procedure. Therefore, we will *sua sponte* determine whether this appeal should be dismissed as moot.

Ordinarily, the existence of an actual controversy is an essential requisite to appellate jurisdiction. *Smith v. American National Bank of Indianapolis* (1948), 118 Ind.App. 413, 78 N.E.2d 874. An appeal or an issue becomes moot when it is no longer "live" or when the parties lack a legally cognizable interest in the outcome; when the principal questions in issue have ceased to be matters of real controversy between the parties; or when the court on appeal is unable to render effective relief upon an

issue. *Roark v. Roark* (1990), Ind.App., 551 N.E.2d 865, 867 (citing *Haggerty v. Bloomington Board of Public Safety* (1985), Ind.App., 474 N.E.2d 114, 115–16). However, in order for us to determine whether Sowers lacks a legally cognizable interest in the outcome of this appeal, we must find that Rule 27 is not available to a litigant, such as Sowers, who is in a position to initiate a lawsuit. That question has not been addressed thus far in Indiana. Therefore, we find ourselves in the unusual position of having to interpret the rule in order to pass upon the justiciability of the issue before this court.

Furthermore, even if we were to find that the claim is moot, we believe this action involves a matter of great public interest and affects the public generally. *Gardner v. Grills* (1961), 242 Ind. 29, 175 N.E.2d 696. Because perpetuation of testimony under Rule 27 is a device available to any litigant upon a showing of the appropriate circumstances, as described *infra*, we decide to address the appeal at this time.

stance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

\*　　\*　　\*　　\*　　\*　　\*

**(3) Order and examination.** If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuation testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

Ind. Rules of Procedure, Trial Rule 27.

■ Our research has discovered no Indiana cases addressing T.R. 27,[2] but we observe that the rule closely parallels the federal rule of procedure governing the perpetuation of testimony in advance of litigation. Fed. Rules of Procedure, Trial Rule 27. Where a State trial rule is patterned after a federal rule, our courts will often look to the authorities on the latter for aid in construing the State rule. *Gumz v. Starke County Farm Bureau Co-op Ass'n, Inc.* (1979), 271 Ind. 694, 395 N.E.2d 257; *Jackson v. Russell* (1986), Ind.App., 491 N.E.2d 1017.

■ It is first of all clear that a prospective litigant has no absolute entitlement to perpetuate testimony. *Application of Eisenberg* (5th Cir.1981), 654 F.2d 1107. The rule allows a court to order the depositions of witnesses *"[i]f the court is satisfied*

that the perpetuation of the testimony *may* prevent a failure or delay of justice. . . ." Fed.R.Civ.P. 27 (emphasis added). The identical language appears in the Indiana rule. T.R. 27. Thus, the grant or denial of a motion to perpetuate testimony lies within the sound discretion of the trial court, and a ruling on a T.R. 27 motion will not be disturbed absent a showing that the trial court has abused that discretion. *Shore v. Acands, Inc.* (5th Cir.1981), 644 F.2d 386; *Ash v. Cort* (3rd Cir.1975), 512 F.2d 909.

■ Federal courts are in agreement that Rule 27 is to be used in instances where a certain witness' testimony might become unavailable over time, and not to provide a method of discovery to determine whether a cause of action exists. *Petition of Gary Construction, Inc.* (D.C.Colo. 1983), 96 F.R.D. 432; *Petition of Gurnsey* (D.D.C.1963), 223 F.Supp. 359. In other words, the rule may be invoked to memorialize evidence that is already known, rather than as a pre-trial discovery device. *See* Sunderland, *Discovery Before Trial Under the New Federal Rules*, 15 Tenn.L.Rev. 737, 744 (1939). As the Court of Appeals for the Third Circuit observed: ". . . Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost." *Ash, supra*, at 912.

Among the special circumstances considered sufficient to order perpetuation of testimony are cases where the witness is aged, gravely ill, or preparing to leave the country, such that the witness could be unavailable before the complaint is filed. *Texaco, Inc. v. Borda* (3rd Cir.1967) 383 F.2d 607 (abuse of discretion to deny leave to perpetuate testimony of 71 year-old witness where events forming the basis of the proposed action occurred 11 years earlier and action was indefinitely stayed); *De Wagenknecht v. Stinnes* (D.C.Cir.1957), 250 F.2d 414 (74 year-old witness); *Mosseller v. United States* (2nd Cir.1946), 158 F.2d 380 (witness afflicted with grave ill-

---

**2.** In the case of *In re Adoption of McNiece* (1982), Ind.App., 432 N.E.2d 440, Judge Ratliff noted that T.R. 27 provides a means to perpetuate testimony in advance of litigation or after a

judgment has been rendered but prior to an appeal being taken. Neither situation existed in *McNiece*, and Judge Ratliff declined to discuss the rule further.

ness).  *Accord Petition of Rosario* (D.Mass.1986), 109 F.R.D. 368; *In re Boland* (D.D.C.1978), 79 F.R.D. 665.

Where there is no impediment to bringing a lawsuit, however, the danger of losing testimony diminishes.  The interest in avoiding a "failure or delay of justice" is not as compelling if the litigant is able to file suit.  In *Application of Carson* (E.D.Ill.1957), 22 F.R.D. 64, the court denied the petition for perpetuation of testimony because the petitioner did not provide a reason why the suit could not be brought at that time, even though the petition alleged that the witness was gravely ill.  We believe that the same showing must be made in Indiana, even though the legislature struck language from T.R. 27 requiring the petitioner to state in the petition facts showing why the litigant is presently unable to bring it or cause it to be brought.  *See* 2 W. Harvey, Indiana Practice 700 (1987).  To allow a prospective litigant to petition for perpetuation of testimony when there is no impediment to bringing the suit would promote an abuse of the rule.  Litigants could then use the rule as a "fishing expedition" to discover grounds for a lawsuit, and, if found, to determine against whom the action should be initiated.  These uses are not contemplated by Rule 27, and are discouraged by the federal courts.  *See generally* 8 C. Wright & A. Miller, Federal Practice & Procedure §§ 2071–72.

■ We agree with the federal courts' interpretation of Rule 27, and hold that perpetuation of testimony is appropriate where as a result of time a witness' testimony might become unavailable.  The grant or denial of a petition to perpetuate testimony under T.R. 27 is subject to review for abuse of the trial court's discretion.[3]

■ Turning to the instant case, Sowers alleges that the trial court abused its discretion by denying his motion to perpetuate

testimony because the 90–day waiting period prescribed by the Tort Claims Act rendered him unable to file suit.  *See* IC 34–4–16.5–10, –12.  He cites *Petition of Ernst* (S.D.Cal.1942), 2 F.R.D. 447, for the proposition that a showing that the petitioner is unable to bring the action is presumptive evidence of the danger of losing evidence by delay.  Appellant's Brief, p. 13.  Actually, the court in *Ernst* said:

> *Ordinarily,* a showing that the petitioner is presently unable to bring the expected action or cause it to be brought, is sufficient showing of the danger of the loss of evidence by delay.  But when warranted by the circumstances, a showing that the persons with knowledge of the facts are aged and infirm, thus clearly indicating the danger that the evidence may be lost, is helpful.

*Id.* at 451 (quoting Moore's Federal Practice p. 2526, §§ 27.05–3.0) (emphasis added).  We believe that a delay of only 90 days does not sufficiently demonstrate a danger of lost evidence.  Civil suits are often brought many months after the cause of action has arisen.

Sowers claims the danger of lost evidence is clearly indicated by the fact that, as an inmate in a State correctional facility, he is susceptible to transfer, segregation, and removal from the facility.  He further contends that the corrections officers expected to be called as witnesses are subject to transfer or termination of their employment.  Assuming that his allegations are true, Sowers has not demonstrated an abuse of trial court discretion.

We do not believe a trial court should grant such a motion on the mere possibility that witnesses may be transferred or fired from their places of employment; if this were so, every potential litigant would have grounds for a successful motion.  Such a result would lead to an abuse of the rule, where the temptation would be great to employ T.R. 27 as a pre-filing harassment

---

**3.** Although perpetuation of testimony in advance of litigation will generally be appropriate if there is some impediment to bringing suit, there may be a case in which perpetuation of testimony is proper even though the petitioner is not technically precluded from initiating the lawsuit.  For instance, if a member of the armed forces observed an accident but was scheduled to leave the country soon afterward, it would not be an abuse of discretion to allow perpetuation of testimony if a lawsuit could not be filed within that time.

device, rather than a method of preserving evidence.

Sowers further maintains he would be denied a fair trial as a result of the delay occasioned by proceeding under the discovery rules rather than T.R. 27. This claim is without merit. A deposition taken pursuant to a grant of a petition to perpetuate testimony must be taken in accordance with the rules of discovery. T.R. 27(A)(3). Regardless, Sowers would have to conduct the depositions pursuant to the discovery rules.

Having failed to demonstrate even prima facie error by the trial court, Sowers is not entitled to reversal on the denial of his petition to perpetuate testimony. Accordingly, the decision of the trial court is affirmed.

HOFFMAN and GARRARD, JJ., concur.