**STATE of Indiana, Appellant,**

v.

**In re the Matter of Stanley JABLONSKI, Appellee.**

**No. 37A04–9111–CV–437.**

Court of Appeals of Indiana, Fourth District.

April 20, 1992.

---

Linley E. Pearson, Atty. Gen., Michael Schaefer, Deputy Atty. Gen., Indianapolis, for appellant.

Stanley W. Jablonski, pro se.

MILLER, Judge.

After attorney Stanley Jablonski, a public defender, failed three times to appear on behalf of a criminal defendant, the Honorable James E. Letsinger, Judge of the Lake Superior Court, Criminal Division, requested the Lake County Prosecutor to file criminal contempt charges against Jablonski. After completing an investigation of the circumstances, the prosecutor found that Jablonski's failures to appear were due to miscommunication and declined to take any action. Before the prosecutor's investigation was completed, Jablonski filed a petition to take Judge Letsinger's deposition, pursuant to Ind.Trial Rule 27, to perpetuate Judge Letsinger's testimony regarding the circumstances leading to the request for criminal contempt charges. Although no charges had been filed yet, Jablonski sought the deposition so that the Judge could not later claim the passage of time "has deteriorated his memory to the point that he cannot remember facts that are important to petitioner's defense." R. 11. The State moved to dismiss the petition on the basis that the matter was moot because no charges would be filed by the prosecutor.

At the hearing on the State's motion to dismiss and on the merits of Jablonski's petition to depose Judge Letsinger, the special judge appointed to hear the matter denied the motion to dismiss and granted Jablonski's petition. The State appeals, claiming the the action serves no useful purpose and there is no justification for a pre-litigation deposition under the Rule.

We agree with the State and reverse.

T.R. 27 provides a means to perpetuate testimony by taking a deposition in advance of trial. The rule provides:

(A) Before Action.

(1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court in which the action may be commenced may file a verified petition in any such court of this state.

The petition shall be entitled in the name of the petitioner and shall state facts showing:

(a) that the petitioner *expects* to be a party to an action cognizable in a court of this or another state;

(b) the subject-matter of the expected action and his interest therein;

(c) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it;

(d) the names or a description of the persons he expects will be adverse parties and their addresses so far as known; and

(e) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the person to be examined named in the petition, for the purpose of perpetuating their testimony.

\*    \*    \*    \*    \*    \*

(3) Order and Examination. *If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice,* it shall make an order designating or describing the person whose depositions may be taken ... (Emphasis added.)

The Civil Code Study Commission comments to the rule suggest that the affiant

only has to show that the proposed testimony will establish relevant facts which he has reason for perpetuating. 2 West, HARVEY, INDIANA PRACTICE (1987) at 701. The only Indiana case [1] on record that involves T.R. 27, *Sowers v. LaPorte Superior Court II* (1991), Ind.App., 577 N.E.2d 250, does not address the issue in the instant case.

In *Sowers*, an inmate at Westville Correctional Facility, Lawrence Sowers (Sowers), appealed a trial court's denial of his T.R. 27(A) motion to perpetuate testimony in anticipation of a Tort Claims Act lawsuit which Sowers intended to file. Sowers wished to perpetuate the testimony of witnesses that he intended to call, but whom he feared would not be available when he ultimately filed his suit. *Id.* at 253. This court agreed with the trial court, noting that the ninety (90) day period that Sowers was required to wait prior to filing suit did not sufficiently demonstrate a danger of lost evidence. *Id.* The court concluded that it "did not believe a trial court should grant such a motion on the mere possibility that witnesses may be transferred or fired...." *Id.*

Federal courts have found that a failure of the petition to contain all the required elements is sufficient to justify denial. Thus, under the federal version of the rule: [2]

"[i]t is not sufficient, for example, to show that a witness is seriously ill. The petition must also show the reason why suit cannot be then brought. *Application of Carson,* 22 F.R.D. 64 (E.D.Ill. 1957). The requirement that the petition show facts which the petitioner desires to establish by the proposed testimony has been applied to deny the right to perpetuate testimony when the sole purpose is that of discovery. *Petition of Gurnsey,*

223 F.Supp. 359 (D.D.C.1963). Thus a petition will not be granted to enable the petitioner to decide whether to sue at law or equity. *Matter of Johanson Glove Co.,* 7 F.R.D. 156 (E.D.N.Y.1945). Similarly, where the petition seeks to discover information concerning which of several parties to join and where the action should be commenced, the petition has been denied as an attempt to obtain discovery rather than to perpetuate testimony. *Matter of Exstein,* 3 F.R.D. 242 (S.D.N.Y.1942)."

*Id.* at 701.

Both the federal courts and our Indiana courts have held that the trial court has broad discretion in determining whether to permit depositions to be taken. *Id.,* at 702, citing *Thomas v. Farr* (1965), 137 Ind.App. 269, 207 N.E.2d 650; *State ex rel Rooney et al. v. Lake Circuit Court* (1957), 236 Ind. 345, 140 N.E.2d 217 (neither case deals with T.R. 27 depositions); *De Wagenknecht v. Stinnes* (D.C.Cir.1957), 250 F.2d 414 (whether there is sufficient probability that the expected litigation will materialize, for example, is a matter for judicial discretion). Under the federal rule, a court may grant an order to take the deposition if it is satisfied that a failure or a delay of justice may thereby be prevented. *De Wagenknecht, supra.*

When this court reviews a discretionary decision of the trial court, we will reverse only when the decision is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom. *Dahnke v. Dahnke* (1989), Ind.App., 535 N.E.2d 172; *Matter of Trust of Loeb* (1986), Ind.App., 492 N.E.2d 40. That is, we will reverse only when the record contains no facts or inferences sup-

---

1. As noted by the *Sowers* court at n. 2, T.R. 27 is briefly discussed in *In re Adoption of McNiece* (1982), Ind.App., 432 N.E.2d 440. However, the court in *McNiece* did not address T.R. 27, merely noting that T.R. 27 "provides a means to perpetuate testimony in advance of litigation or after a judgment has been rendered but prior to an appeal being taken." *Sowers,* at 252 n. 2.

2. Fed.R.Civ.P. 27 contains an additional requirement not present in our Indiana trial rule. Our rule only requires that the petitioner expects to be a party to an action cognizable in any court of this or another state; the federal rule requires that the petitioner expects to be a party to an action cognizable in a court of the United States *but is presently unable to bring it or cause it to be brought.*

porting the judgment. *National Advertising Co. v. Wilson Auto Parts, Inc.* (1991), Ind.App., 569 N.E.2d 997.

■ Here the facts are undisputed. Jablonski had been appointed by Court Commissioner Page on July 5, 1990, to represent criminal defendant, Richard S. Hummer, who was scheduled for hearing in Judge Letsinger's court on July 11, 1990. When Jablonski failed to appear, the hearing was reset for July 27, and again for August 3, 1990. Jablonski failed to appear for both hearings. On March 28, 1991, the Lake County Prosecuting Attorney completed his investigation and declined to file the requested contempt citation, making the following findings:

> "The previous statement of facts reveals that Attorney Jablonski was advised of his appointment subsequent to the initial hearing of July 11, 1990. Thereafter Attorney Jablonski notified Judge Maroc's court and advised the Court of the error in appointment. He was then advised by Colleen Zaberdac and Judge Maroc that the error was communicated to Commissioner Page and that he would not need to appear at the next hearing on August 3, 1990. Therefore, it would seem that Attorney Jablonski's failure to appear was based not on an intentional or willful disobedience but rather upon mistake and lack of communication. Moreover, in support of this conclusion, Judge Maroc has indicated that it is not uncommon for errors of this nature to occur.
>
> Given the above factual review, it appears that Attorney Jablonski's conduct does not meet the standards of intentional or willful disobedience. A necessary element of I.C. 34–4–7–3 is not satisfied. As a result, a prosecution under said statute would not be meritorious." [3]

R. 118.

Jablonski alleged in his petition that Letsinger requested charges of indirect con-

tempt to be filed against him and an investigation was being conducted. He then alleged:

> "3) That petitioner, having knowledge of these facts, expects to be a party to an action cognizable in a Court of State of Indiana.
>
> "4) The subject matter of the expected action would be criminal sanctions against petitioner and petitioner's interest therein in the defense of the accusations made by complainant Letsinger. The facts that the petitioner desires to establish are the following:
>
> "A. Prior to 1990 Complaint Letsinger has requested that Stanley W. Jablonski not be appointed to any public defender cases in his court.
>
> "B. That at the time he filed his Complaint Letsinger requested for prosecution with the State of Indiana had specific knowledge of facts and circumstances that would tend to support noncontemptuous conduct; and deliberately withheld these facts from the prosecutor's office.
>
> "5. The party adverse to his action would be the State of Indiana represented by the Lake County Prosecutor's Office located at 2293 North Main Street, Crown Point, Indiana 46307.
>
> "A. The name and address of the person to be examined is James E. Letsinger whose office is located at 2293 Main Street, Crown Point, Indiana 46307.
>
> "B. That the petitioner expects to elicit testimony from James E. Letsinger to that the effect that:
>
> "1. Prior to 1990 he has requested that Stanley W. Jablonski not be appointed to any public defender cases in his court.
>
> "2. That he at the time he filed his request for prosecution with the State of Indiana had specific knowledge of facts and circumstances that would tend to support noncontemptuous conduct; and deliberately withheld these facts from the prosecutor's office. ·

---

3. Ind.Code 34–4–7–3: Indirect contempt; disobedience of process.

"Every person who shall be guilty of any willful disobedience of any process, or any order lawfully issued by any court of record, or by

the proper officer thereof, under the authority of law, or the direction of such court, after the same shall have been served upon him, shall be guilty of indirect contempt of the court from which such process or order shall have issued."

"C. It is necessary to perpetuate Complainant Letsinger's testimony so that he cannot claim that the passage of time has deteriorated his memory to the point that he cannot remember facts that are important to petitioner's defense."

R. 10–11.

During the hearing held on this matter, the State urged the court to find the matter moot for the reason that the prosecutor's office had declined to prosecute. Jablonski argued that he remained in criminal jeopardy so long as the statute of limitations for filing the action had not run. He then stated:

"As a practical matter, I probably am not in criminal jeopardy. Uh, the State is not going to file anything against me. Uh, I've been told that. Uh, they, they treated this complaint in a rather lighthearted manner to be honest with you and to be totally candid with the Court."

R. 160.

While a trial court has broad discretion in determining whether to grant a petition for a deposition under T.R. 27, we think that in this instance the trial court's decision is not supported by the evidence and, therefore, is clearly erroneous.

One necessary element in a petition under the rule is that the petitioner "expects" to be a party to a lawsuit. Jablonski specified in his petition that he expected to be charged with criminal contempt because of his failure to appear in Judge Letsinger's court on behalf of a criminal defendant. At the hearing, he admitted that, as a practical matter, he was not in criminal jeopardy and the reason for the deposition was defensive. He referred to other matters (a disciplinary action filed by Judge Letsinger arising out of the same factual basis) involving a continuing conflict between himself and Judge Letsinger. Admissions made in court for the purpose of the trial are conclusive. *Wirgau v. State* (1983), Ind.App., 443 N.E.2d 327. Thus, Jablonski's statement is a judicial admission that, at the time of the hearing, *he did not expect* to be charged with contempt.

*Webster's Third International Dictionary* 799 (1976) defines "expect" variously as: to look forward, with anticipation, wait for, suppose, think, believe; to anticipate in the mind a thing or event more or less likely to occur; *expect usually implies a high degree of certainty* to the point of making preparation or anticipating particular things, actions or feelings. *See also Indiana Farmers Mutual Insurance Company v. Graham* (1989), Ind.App., 537 N.E.2d 510, (in an insurance contract, "expect" has a connotative meaning of "probable or certain" to occur.) While Jablonski expected to be a party to a contempt charge at the time he filed the petition, by the time of the hearing he no longer believed the charges would be filed, but merely expressed an apprehension that the charges could be refiled before the end of the period of the statute of limitations. Clearly his own statement at the hearing indicates that he did not believe the refiling of the charges was probable or certain to occur. Thus, at the time of the hearing, he no longer had an expectation that he would be a party to the suit alleged in the petition.

In drafting Fed.R.Civ.R. 27, the Advisory Committee envisioned a liberal approach to the preservation of evidence. *See* Notes, *The Preservation and Discovery of Evidence Under Federal Rule of Civil Procedure 27*, 78 Geo.L.J. 593, 598 (1990). "This view was premised upon the notion that loss of evidence may result in a 'failure of justice' any time a person reasonably expects to be a party to a lawsuit but is unable to bring the suit or cause it to be brought." *Id.* Even if our courts assume a liberal approach in the use of T.R. 27 deposition requests, we hold that such requests under Ind.T.R. 27 should only be granted when there is evidence supporting a petitioner's expectations to be party to a suit.

We reverse.

ROBERTSON, J., concurs.

CHEZEM, J., concurs in result.