

**FILED**
Sep 04 2015, 8:51 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kelly J. Hartzler
Barnes & Thornburg LLP
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Thomas A. Herr
William A. Ramsey
Barrett McNagny, LLP
Fort Wayne, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cleveland Range, LLC,<br><br>*Appellant-Respondent,*<br><br>v.<br><br>Lincoln Fort Wayne Associates, LLC,<br><br>*Appellee-Petitioner.* | September 4, 2015<br><br>Court of Appeals Case No.<br>02A05-1503-PL-96<br><br>Appeal from the Allen Superior Court;<br>The Honorable David J. Avery, Judge;<br>02D09-1411-PL-418 |

**May, Judge.**

[1] Cleveland Range, LLC ("Cleveland") appeals an order permitting Lincoln Fort Wayne Associates, LLC ("Lincoln") to depose three of Cleveland's witnesses even though Lincoln has not yet initiated litigation. As that order was not an abuse of the trial court's discretion, we affirm.[1]

## Facts and Procedural History

[2] Lincoln or its predecessors owned real estate in Allen County that Lincoln sold in May 2013. As a condition of the sale, Lincoln was responsible for conducting an environmental investigation and undertaking remediation. Cleveland or its predecessor leased the property beginning in December 1971. A condition of its lease was that Cleveland would have responsibility for environmental damage. The real estate is currently undergoing an extensive environmental investigation that could take years to complete. In 2013, Lincoln and Cleveland entered into an interim cost-sharing agreement, pursuant to which Cleveland would reimburse Lincoln for certain

---

[1] Lincoln argues we lack jurisdiction over Cleveland's appeal because the trial court's order was interlocutory. It was not, and we have jurisdiction.

No Indiana decision appears to have addressed when we have jurisdiction over such matters, but we have noted that the rule closely parallels the federal rule of procedure governing the perpetuation of testimony in advance of litigation. Where a state trial rule is patterned after a federal rule, we will often look to the authorities on the federal rule for aid in construing the state rule. *Sowers v. Laporte Superior Court, No. II*, 577 N.E.2d 250, 252 (Ind. Ct. App. 1991).

A Rule 27(a) order is deemed final because it is the only matter pending in the district court at a time when no complaint has yet been filed. *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975). Unlike the usual discovery motion, the denial or grant of which has been considered interlocutory and non-appealable, motions to perpetuate testimony must be judged by different standards. *Id*. An order authorizing depositions is a final order when, as here, it grants all the relief sought in the petition and disposes of the proceeding. *Id*.

environmental investigation costs. Lincoln believes it might have to institute litigation to recover some of the costs it believes Cleveland should pay.

[3] In November 2014, Lincoln submitted a Petition to Perpetuate Testimony. It sought permission to depose three witnesses, whose ages ranged from sixty-seven to seventy-eight, that Lincoln believed had "firsthand knowledge of the manufacturing processes at [the facility] and the extensive use of chlorinated solvents . . . [and] retain a significant amount of information directly related to the current environmental investigation." (App. at 19.)

[4] Lincoln acknowledged Cleveland had cooperated in the environmental investigation and had reimbursed Lincoln for some expenses, but it asserted Cleveland had not made some payments and had sought to revise the cost-sharing agreement. Lincoln therefore anticipated it might have to resort to litigation, but it did not want to file suit yet because it was concerned that initiating litigation could adversely affect the parties' working relationship and interfere with the voluntary participation of the Indiana Department of Environmental Management in the investigation and remediation.

[5] The trial court granted Lincoln's petition.

## Discussion and Decision

[6] We review for an abuse of discretion a trial court's decision to grant or deny a petition to perpetuate testimony. *U.S. Fid. & Guar. Ins. Co. v. Hartson-Kennedy Cabinet Top Co.*, 857 N.E.2d 1033, 1036 (Ind. Ct. App. 2006). When we review such a discretionary decision, we reverse only when the decision is an

erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* That is, we will reverse only when the record contains no facts or inferences supporting the judgment. *Id.* We cannot find an abuse of discretion here.

[7] Discovery is generally allowed only after an action has been commenced. However, Indiana Trial Rule 27 creates an exception to this rule and authorizes deposition discovery where necessary to perpetuate the testimony of a party or witness. 22 Ind. Prac., Civil Trial Practice § 22.25 (2d ed.). Deposition by oral or written examination is one of the permissible methods of discovery. *Id.*

[8] T.R. 27 provides in relevant part:

> A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court in which the action may be commenced, may file a verified petition in any such court of this state.
>
> The petition shall be entitled in the name of the petitioner and shall state facts showing:
>
> (a) That the petitioner expects to be a party to an action cognizable in a court of this or another state;
>
> (b) The subject matter of the expected action and his interest therein;
>
> (c) The facts which [sic] he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it;
>
> (d) The names or a description of the persons he expects will be adverse parties and their addresses so far as known; and
>
> (e) The names and addresses of the persons to be examined and the substance of the testimony which [sic] he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the

depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

* * * * *

If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

[9] A prospective litigant has no absolute entitlement to perpetuate testimony. *Sowers v. Laporte Superior Court, No. II*, 577 N.E.2d 250, 252 (Ind. Ct. App. 1991). A court may order depositions if it is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice. *Id.* Rule 27 is to be used when a certain witness' testimony might become unavailable over time, and not to provide a method of discovery to determine whether a cause of action exists. *Id.* In other words, the rule may be invoked to memorialize evidence that is already known, rather than as a pre-trial discovery device. *Id.*

### Impediment to Bringing Suit

[10] We have acknowledged in prior decisions an "impediment requirement," *Hartson-Kennedy*, 857 N.E.2d at 1037; that is, a Rule 27(A) petitioner must show why a lawsuit could not be brought at the time the petition is made. *Sowers*, 577 N.E.2d at 253. We have justified the impediment requirement by stating:

To allow a prospective litigant to petition for perpetuation of testimony when there is no impediment to bringing the suit would promote an

> abuse of the rule. Litigants could then use the rule as a "fishing expedition" to discover grounds for a lawsuit, and, if found, to determine against whom the action should be initiated. These uses are not contemplated by Rule 27.

*Hartson-Kennedy*, 857 N.E.2d at 1037 (quoting *Sowers*, 577 N.E.2d at 253).

[11] Perpetuation of testimony in advance of litigation will generally be appropriate if there is some impediment to bringing suit, but there may be a case in which perpetuation of testimony is proper even though the petitioner is not technically precluded from initiating the lawsuit. *Id*. at 1037-38. We offered an example in *Sowers*: "if a member of the armed forces observed an accident but was scheduled to leave the country soon afterward, it would not be an abuse of discretion to allow perpetuation of testimony if a lawsuit could not be filed within that time." 577 N.E.2d at 253 n.3.

[12] Even though Lincoln is not "technically precluded" from initiating a lawsuit, allowing perpetuation of testimony was not an abuse of discretion. In *Hartson-Kennedy*, we noted "the liberal approach that should be taken to Rule 27(A) motions," 857 N.E.2d at 1037, and we said requests under that rule should be granted only when "there is evidence supporting a petitioner's expectations to be a party to a suit." *Id*. (quoting *State v. Jablonski*, 590 N.E.2d 598, 602 (Ind. Ct. App. 1992)). In the case before us there is ample evidence the petitioner, Lincoln, could expect to be a party to a lawsuit.

[13] The parties' filings to the trial court indicated Cleveland's lease with Lincoln provided that Cleveland would be responsible for environmental damage to Lincoln's real estate. Lincoln had notified Cleveland of contamination and

demanded it take responsibility. Lincoln and Cleveland entered into an Environmental Cost Sharing Agreement, but Cleveland had not made some payments to Lincoln and had sought to revise the agreement. Lincoln knew it could file a lawsuit but, for tactical reasons, did not yet want to do so. There was ample evidence supporting the petitioner's expectations to be a party to a suit.

### Substance of Testimony to be Perpetuated

[14] Rule 27(A) requires the petitioner to "state facts showing . . . the facts which [sic] he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it [and] the substance of the testimony which [sic] he expects to elicit from each." Lincoln's petition named the prospective witnesses and listed eighteen specific matters concerning which it expected the witness to testify, such as "[t]he disposal of TCE and PCE,"[2] chemical solvents used at the facility, "[t]he method by which TCE and PCE entered the soil beneath the building," "[t]he location and operation of a large above-ground TCE storage tank," how certain metal trays passed through a degreaser, the location of a drawing of an above-ground TCE storage tank, and similar matters. (App. at 20.)

[15] Cleveland argues the petition "seeks broad topical depositions rather than the preservation of specifically identified facts probative to a key issue," so it should

---

[2] These are references to the organic solvents trichloroethylene ("TCE") and perchloroethylene ("PCE"). *Thomson Inc. v. Ins. Co. of N. Am.*, 11 N.E.3d 982, 989 (Ind. Ct. App. 2014), *reh'g denied*, *trans. denied.*

have been denied because it instead "seeks Rule 26 discovery." (Br. of Appellant at 17.) It does not, and Lincoln's petition satisfied Rule 27(A).

[16] Rule 27 is not a substitute for discovery; it is available in special circumstances to preserve testimony that could otherwise be lost. *Sowers*, 577 N.E.2d at 252. The rule is to be used when a witness' testimony might become unavailable over time, and not to provide a method of discovery to determine whether a cause of action exists.[3] *Id.* In other words, the rule may be invoked to memorialize evidence that is already known, rather than as a pre-trial discovery device. *Id.* Litigants should not "use the rule as a 'fishing expedition' to discover *grounds for a lawsuit*, and, if found, to determine *against whom* the action should be initiated." *Id.* at 253 (emphasis added).

[17] Lincoln's petition was no such "fishing expedition." It is apparent from the record that Lincoln knows the specific grounds for its potential lawsuit, and it knows Cleveland is the party against whom the action would be initiated. Its petition clearly was not brought to provide a method of discovery "to determine whether a cause of action exists"; its lengthy and detailed list of proposed topics for questioning so reflects. (*See* Br. of Appellant at 20) ([Lincoln] intended these

---

[3] While Rule 27 does not permit discovery for the purpose of determining whether a cause of action exists, we decline Cleveland's apparent invitation to hold no discovery whatsoever is available under Rule 27. The Third Circuit said in *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975), that "[t]he *scope of discovery allowed under Rule 27* is much narrower than that available under the general discovery provisions of Rule 26." (Emphasis added.) Thus, discovery is allowed under Rule 27(A) – but its scope is not as broad as that available under Rule 26.

depositions as proverbial "fishing expeditions" to *uncover* facts rather than to preserve specific, known key facts."). Lincoln's petition satisfied Rule 27(A).

### *Failure or Delay of Justice*

[18] Once the impediment requirement is satisfied, a Rule 27(A) petition is permissible if the court is satisfied that perpetuation of the testimony may prevent a failure or delay of justice. *Hartson-Kennedy*, 857 N.E.2d at 1038. There is a failure or delay of justice when a certain witness's testimony might become unavailable over time. *Id*. Some special circumstances that justify perpetuation of testimony include cases where the witness is aged such that the witness might be unavailable before the complaint is filed. *Id*. *See, e.g., Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3rd Cir. 1967) (abuse of discretion to deny leave to perpetuate testimony of seventy-one-year-old witness where events forming the basis of the proposed action occurred 11 years earlier and action was indefinitely stayed); *De Wagenknecht v. Stinnes*, 250 F.2d 414, 417 (D.C. Cir. 1957) ("[t]here can be no certainty that this testimony with [sic] still be available when the controversy is ready for litigation, since the witness is at present seventy-four years of age") (both cited in *Sowers*, 577 N.E.2d at 252). The witnesses Lincoln wanted to depose ranged in age, at the time of its petition, from sixty-seven to seventy-eight. The environmental remediation process could continue for years. We cannot say the trial court abused its discretion in determining there could be a failure or delay of justice based on the age of the witnesses.

# Conclusion

The grant of Lincoln's petition was within the trial court's discretion, as there was evidence supporting Lincoln's expectations it might be a party to a suit, Lincoln seeks to preserve specifically identified facts probative to a key issue, and declining to permit the depositions could result in a failure or delay of justice based on the age of the witnesses. We accordingly affirm.

Affirmed.

Crone, J., and Bradford, J., concur.