IN RE PETITION FOR APPOINTMENT OF MAGISTRATES FOR THE CITY OF BEECH GROVE

[No. 27,288. Filed January 15, 1940. Rehearing denied February 5, 1940.]

418

*Ira M. Holmes,* of Indianapolis, for appellant.
*Linder & Seet,* of Indianapolis, for appellee.

TREMAIN, J.—The question of the constitutionality of Chapter 164, Acts of the General Assembly of 1939, p. 753, §§ 4-3801 to 4-3809, Burns' 1933 (Supp.) §§ 2008-1 to 2008-9, Baldwin's 1939, is presented as the sole question for determination in this appeal. The act is known as the Magistrates Court Act.

Section 1 provides: "There shall be and is hereby created and established in each county of the state a magistrates court." That section prescribes the name of the court in each county, divisions thereof, and that: "The court shall be a court of record."

Section 2 of the act provides that there shall be two or more magistrates in each county, to be appointed by the judge of the circuit court of the county in county seat cities and towns, and in cities of the first, second, third, fourth, and fifth classes. The appointments are made by the judge of the circuit court, in his discretion, upon the petition of forty freeholders and voters of the county filed in the circuit court. The petition shall state that the services of two magistrates, either on a full time basis or a part time basis, are needed, and shall request the judge of the circuit court to appoint such magistrates. Upon the filing of the petition the judge shall give notice to interested persons, set the petition for hearing and afford an opportunity for all persons to appear and be heard. The judge shall determine whether or not the allegations of the petition are sustained. "If he finds that the services of such magistrates are needed as stated in the petition, he shall enter an order granting the petition."

The magistrate is appointed for a term of three years or until the judge who appointed him ceases to serve as judge of the circuit court, in which event the magistrate's term shall end with the expiration of the term of the circuit judge. The clerk of the circuit court of

the county is made clerk of the magistrates court and shall furnish books, records, and supplies to the magistrate. Provisions are made for suitable courtrooms to be furnished by the county commissioners.

Section 4 defines the jurisdiction of the court and provides that it shall exercise original jurisdiction concurrently with the jurisdiction now exercised in such county by the circuit, superior, criminal, municipal, and city courts, "in all cases of petty larceny and in all other violations of the laws of the state for which the penalty provided cannot exceed a fine of five hundred dollars ($500) or imprisonment in the county jail or state farm for a period not exceeding six (6) months, or both such fine and such imprisonment."

"The magistrates court shall have and exercise exclusive original jurisdiction concurrently with the exclusive original jurisdiction which is now exercised in such county by the circuit court, superior court, criminal court, municipal court or city court, of all misdemeanor violations of the highway traffic laws of the state and of all violations of the traffic ordinances of the town or city in which the particular division of the magistrates court is located." Its jurisdiction is coextensive with the county, and it is provided that: "Immediately upon the beginning of the terms of the two (2) first magistrates to be appointed in a county under this act, justices of the peace in such county shall cease to have any jurisdiction over the violation of the highway traffic laws of the state or over the violation of the traffic ordinances of any town or city; and mayors in such county shall cease to act as judges of city courts in such cities."

The act provides that there shall be no trial by jury in the magistrates court. If, upon arraignment, the defendant demands a jury it is made the duty of a

magistrate to hold the defendant to bail for appearance before the circuit or other court of the county providing for jury trials.

Pursuant to the provisions of the foregoing act, forty freeholders and voters of the City of Beech Grove, a city of the fifth class in Marion County, filed a petition in the circuit court in which the judge was asked to appoint two magistrates for that city. Notice was given and hearing was had. Attorneys appeared for the petitioners and in opposition thereto. An order was entered by the court reciting the appearance of the petitioners, the board of county commissioners, and the City of Beech Grove by counsel; the submission of the petition to the court; and that the court "being sufficiently advised finds that the city of Beech Grove is a city of the fifth class and has a mayor, city clerk and councilmen; that it has an organized police force; that it has no court within its boundaries before whom violators of the city ordinances and state laws may be prosecuted; that a court is necessary for that purpose. The court further finds that the provision of the Act of the General Assembly 81st Session (Acts 1939, ch. 164, p. 753) imposing the duty on the judge of the Circuit Court to appoint a magistrate on said petition is unconstitutional and void and that the judge of the Circuit Court has no power to make such appointment.

"It is therefore, adjudged and decreed by the court that the judge of the Circuit Court has no power to make appointments of magistrates, and the petition is denied."

On appeal the petitioners assign as error the overruling of their motion for a new trial, and the error of the judge of the circuit court in holding the act unconstitutional and void and that the judge had no power to appoint magistrates.

It may be noted that the act provides that the judge may "in his discretion" appoint magistrates. Had the court exercised its discretion in denying the appointment, this court would not be warranted on appeal to review the exercise of such discretion, unless the petitioners established that the exercise was arbitrary or capricious, 5 C. J. S. 472, Appeal and Error, § 1583. It clearly appears from the foregoing judgment and order of the circuit court that the appointment was not denied by an exercise of the judge's discretion, but was denied because the court held the act to be unconstitutional, and, therefore, conferred no power to make appointments of magistrates.

The parties agree that the question to be decided is whether or not the Legislature had the power to provide that the appointments of the magistrates be made by the judge of the circuit court. The respondents contend that the magistrates should be appointed by the governor pursuant to Article 5, § 18, of the Constitution. It is their contention that the act provides for the creation and establishment of these courts by decree of the circuit court and not by an act of the Legislature, in violation of Article 7, § 1, of the Constitution which vests the power to establish courts in the General Assembly. An examination of the act clearly reveals that the magistrate's court is created and established in each county of the state by Section 1 of the act. The creation and establishment of such courts is not cut down by the provisions of Section 2. The only duty of the judge of the circuit court is to determine whether or not the petition filed warrants him in appointing the magistrates. The petition is not required to contain allegations, or a prayer for the establishment of a court, but only a request for the appointment of magistrates of a court already

established by Section 1. If the circuit judge finds that magistrates are needed or not needed, he may, in his discretion, appoint or deny them. The circuit judge is not called upon to create and establish a court. Therefore, there has been no delegation of legislative power in that respect to the judge of the circuit court.

The respondents assert that the act is in conflict with Article 3, § 1, which provides for the three separate departments of government and prohibits either of these departments from exercising the functions of another. The judge of the circuit court, it is asserted, has no authority under the Constitution to perform an administrative act such as appointing a judge of the magistrate's court. As authority for this assertion the case of *State ex rel. Hovey* v. *Noble* (1889), 118 Ind. 350, 21 N. E. 244, is relied upon. In that case this court had under consideration an act which created commissioners to act as assistants to the Supreme Court and provided for their appointment by the General Assembly. That act was held unconstitutional. Other cases along the same line are *State ex rel. Jameson* v. *Denny, Mayor* (1889), 118 Ind. 382, 21 N. E. 252; *State ex rel. Yancey* v. *Hyde* (1889), 121 Ind. 20, 22 N. E. 644; and *State ex rel. Worrell* v. *Peelle* (1890), 121 Ind. 495, 22 N. E. 654.

The authorities everywhere recognize the separate departments of government and jealously guard the overlapping of one upon the other. They are equal, co-ordinate, and independent. At the same time it is recognized by the same authorities that certain questions are of such nature that courts even are called upon to perform duties of a ministerial or administrative character. Statutes have authorized the appointment by the court of members of boards and the performance of other incidental administrative acts

which are not strictly judicial without transgressing this section of the Constitution. *City of Terre Haute* v. *Evansville and Terre Haute R. R. Co.* (1897), 149 Ind. 174, 46 N. E. 77, 37 L. R. A. 189; *City of Indianapolis* v. *State ex rel.* (1909), 172 Ind. 472, 132 N. E. 165; *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 105 N. E. 496; *Chicago, etc., R. Co.* v. *Railroad Com., etc.* (1911), 175 Ind. 630, 95 N. E. 364; *Board of Com'rs.* v. *State ex rel. Brown* (1897), 147 Ind. 476, 46 N. E. 908; *State ex rel. Sch. C. of South Bend* v. *Thompson, Auditor* (1937), 211 Ind. 267, 278, 6 N. E. (2d) 710.

Concerning the question at hand, it is readily discernible by a reading of the act that the magistrate's court is not a circuit court. It is a special court of limited jurisdiction, created by the Legislature for the purpose of hearing and trying misdemeanors only where the penalty does not exceed $500 or six months in prison. It has no civil jurisdiction. It is created to take the place of the justice of the peace court and mayor's court in the trial of all motor vehicle violations. It is a court without authority to impanel a jury, but a provision is made that when one is requested the defendant shall be held to appear in a court where he may have a jury. Therefore, it clearly appears that this is a court of special limited jurisdiction.

It has been held by this court that a judge of a court of such limited jurisdiction may be appointed by an officer other than the Governor of the state, and that Article 5, § 18, of the Constitution, which authorizes the Governor to fill vacancies that occur in the office of judge of any court, is not controlling in the appointment of judges of inferior courts. This question was before the court in *State ex rel.* v.

*Gerdink* (1909), 173 Ind. 245, 90 N. E. 70, in an appeal involving the office of City Judge of the City of Terre Haute. It was there held that the city judge as created and defined by the act did not fall within Article 7, § 1, of the Constitution, which provides that the judicial powers of the state shall be vested in the Supreme Court, circuit courts, "and such other courts as the General Assembly may establish." That act authorized the mayor to fill a vacancy which occurred in the office of a city judge. A vacancy occurred; both the Governor and the mayor made appointments to fill the vacancy. The question was presented to this court by *quo warranto*. It was held that the appointment made by the mayor was valid, and that the act did not transgress any constitutional provision by authorizing the appointment to be made by the mayor instead of by the Governor, because the court presided over by the city judge is not a constitutional court falling within the clause "such other courts as the General Assembly may establish"—that is, courts which the Legislature might create of like dignity, and of a general and state character similar to circuit courts, such as criminal, superior, or probate courts. These courts are distinguished from inferior tribunals of a local character not meant to include justices of the peace. It was held that the act creating the City Court of Terre Haute was valid and constitutional.

To the same effect is *Mosley* v. *Board, etc.* (1929), 200 Ind. 515, 165 N. E. 241. This decision involved the act of 1925 creating the Municipal Court of Marion County. However, the question there involved was one of the election or appointment of the municipal judge. It was there argued that the Municipal Court Act was unconstitutional because it violated Article 1, § 1, Article 3, § 1, Article 4, §§ 1 and 22, and Article 5,

§§ 1 and 18, of the Constitution, in that it took from the people of Marion County their inherent right to choose the judges of the court by election. This act placed the appointment with the Governor. The constitutionality of the act was upheld. The Gerdink case is cited and quoted with approval.

The Mosley case reviews many of the decisions of this court and distinguishes, or rather applies, the cases cited by respondents, including the 118th Indiana and others, and held that it was within the power of the General Assembly under Article 6, § 3, and Article 15, § 1, of the State Constitution to provide that judges of the municipal court should be appointed by the Governor rather than by election.

In conclusion this court holds: First, that the magistrate's court is created by an act of the Legislature; second, that it is not a constitutional court falling within Article 7, § 1; and, third, not being a constitutional court the appointment of a judge is not required to be made by the Governor, but may be made by the judge of the circuit court. No reason appears why the judge of the circuit court could not appoint a member of that court as well as members of the board of review of the county, library board, hospital board, or members of other boards which could be mentioned.

Much is said in a brief concerning the merits of the Magistrate's Court Act. That is a question with which this court has no concern. It is a question for the Legislature. If the court were authorized to pass upon such question a different result might be reached.

Since the trial judge placed his refusal to appoint the magistrates upon the sole ground that the act is unconstitutional, and not in the exercise of his discretion, this court has considered the constitutional question

presented, and holds that the act does not violate the provisions of the Constitution as asserted by the respondents.

It is, therefore, ordered that the judgment of the lower court be reversed, with direction to grant petitioners a new trial.

NOTE.—Reported in 24 N. E. (2d) 773.