Guy E. RODGERS, Appellant
(Petitioner Below),

v.

Essie Faye RODGERS, Appellee
(Respondent Below).

No. 75A04–8607–CV–00215.

Court of Appeals of Indiana,
Fourth District.

Feb. 25, 1987.
Rehearing Denied March 27, 1987.

Henry R. Hart, Knox, for appellant.

Fred R. Jones, Goodrich, Jones & Huff, Plymouth, for appellee.

CONOVER, Presiding Judge.

Petitioner-Appellant Guy Rodgers (Guy) appeals the Starke Circuit Court's disposition of property in a dissolution of marriage decree.

We affirm.

ISSUES

Guy presents four issues for our review. We consolidate and restate them as follows:

1. whether the appointment of a judge pro tempore was fundamental error;

2. whether the trial court erred by not disqualifying the Starke Circuit Court from continuing to hear this case; and

3. whether the trial court erred by failing to value the marital assets divided in the dissolution decree.

FACTS

On January 4, 1985, Guy petitioned the Starke Circuit Court for dissolution of his marriage to Essie Faye Rodgers (Essie). David P. Matsey (Matsey), Master Commissioner of the Starke Circuit Court, presided as Judge Pro Tempore of the court. A provisional hearing was held January 17, 1985. No court reporter was present, but at Essie's request, a tape recording was made of the proceedings. During this hearing, Guy was ordered to pay household expenses, and temporary maintenance of $20 per week.

On May 6, 1985, Guy's counsel, the Starke County prosecutor, filed a motion to withdraw as his attorney because of a potential conflict. Essie had made a complaint to the Starke County Sheriff's Department that Guy had burglarized the marital residence. On May 16, 1985, the Starke Circuit Court appointed a special prosecutor to pursue any complaints against Guy for the burglary and for an alleged perjury he committed during the provisional hearings.

Matsey later disqualified himself from further proceedings in the case. Matsey recommended Judge Marvin McLaughlin, the circuit judge for whom he was acting as pro tempore, take the case. Guy refused and requested a panel of three for striking. Matsey appointed the panel, the parties struck, and Douglas B. Morton qualified as special judge.

DISCUSSION AND DECISION

Our Supreme Court held in *State v. Starke Circuit Court* (1981), 275 Ind. 483, 417 N.E.2d 1115, Matsey as Master Commissioner of the Starke Circuit Court could not act with the authority of an elected judge. Under IND.CODE 33–4–1–74.3— 33–4–1–74.9, Matsey was given the same judicial powers as the Starke Circuit Court Judge except as to juvenile and mandate powers.

Justice Pivarnik held the vesting of judicial powers in a master commissioner was unconstitutional. He said

When these various constitutional provisions are read together, a number of important principles emerge which are relevant to the case now before us. The State Constitution provides for the creation of a Supreme Court, Court of Appeals and Circuit Courts. The power to create additional courts of general jurisdiction lies in our legislature, and the legislature may establish such courts as it deems appropriate. *See Elkhart County Board Comm. v. Albright,* (1907) 168 Ind. 564, 81 N.E. 578; *Shoultz v. McPheeters,* (1881), 79 Ind. 373. The judges of such courts must be elected, or, if a vacancy occurs in the office of such judge, that vacancy shall be filled by appointment by the governor, until a successor is elected. *See In re Petition for Appointment of Magistrates of Beech Grove,* (1940), 216 Ind. 417, 24 N.E.2d 773; *State ex rel. Gleason v. Gerdink,* (1909) 173 Ind. 245, 90 N.E. 70.

*Starke, supra,* 417 N.E.2d at 1120.

■ Judicial powers cannot be vested in officers such as master commissioners appointed by judges of the courts. A master commissioner may have only non-judicial powers. *Starke,* at 1121; *Shoultz, supra.*

The court in *Starke* also distinguished between judicial and non-judicial acts, saying

"The power to hear causes and report facts or conclusions to the court for its judgment is not judicial within the meaning of the Constitution.

.    .    .    .    .

'It is the inherent authority not only to decide, but to make binding orders or judgments, which constitutes judicial power; and the instrumentalities used to inform the tribunal, whether left to its own choice or fixed by law, are merely auxiliary to that power, and operate on persons or things only through its actions, and by virtue of it.'" (Quoting *Underwood v. McDuffee* (1867), 15 Mich. 361, 368).

*Starke, supra,* 417 N.E.2d at 1121.

Thus, the powers vested in Matsey as master commissioner are non-judicial in nature. He may not bind the parties by order or decree when so acting.

■ In this case, an attempt was made to give Matsey judicial power. He was appointed judge pro tempore under T.R. 63. It reads in part

(E) Judge Pro Tempore When Judge Is Unable to Attend. A *judge who is unable to attend and preside* at his court for any cause may appoint in writing a judge pro tempore to conduct the business of this court *during his absence.* The written appointment shall be entered in the records of the court. When duly sworn, or without being sworn if he is a judge of a court of this state, the judge pro tempore shall have the same authority during the period of his appointment as the judge he replaces. (Emphasis added).

Here, however, McLaughlin was not absent from his court at the time in question. The evidence reveals four separate actions were ruled upon by McLaughlin on the same day Matsey conducted provisional hearings.

In *Survance v. State* (1984), Ind., 465 N.E.2d 1076; our Supreme Court faced this identical issue and concluded "[a] judge pro tempore may not properly act as judge of the court in one room, while the regular judge of that court is exercising jurisdiction in another room." *Id.* at 1082. Clearly, the trial court erred by appointing Matsey judge pro tempore while Judge McLaughlin was not absent from the court.

■ However, Guy failed to raise an objection to Matsey's acting as judge pro tempore until he filed his motion to correct errors. A party may not raise an issue for the first time in his motion to correct errors or on appeal that was not raised in the trial court. *Thompson v. Daviess-Martin County REMC* (1985), Ind.App., 486 N.E.2d 1102.

■ Matsey here acted under color of authority pursuant to his appointment as judge pro tempore and as such was a judge *de facto* if not a judge *de jure.* Any challenge of his authority to so act should have been made at the time the irregularities occurred. Such challenge may not be raised on appeal for the first time. *Survance, supra,* 465 N.E.2d at 1082. The authority of one who acts as judge *de facto* under color of authority cannot be collaterally attacked. *Gordy v. State* (1974), 262 Ind. 275, 315 N.E.2d 362, 367.

■ Guy did not attack the judgment until after a special judge had been appointed and his adverse ruling received. Furthermore, Guy does not attack Matsey's rulings and orders but rather the properly appointed special judge's ruling.[1] Where a party does not object to an irregularity in the appointment of a special judge, he accepts the appointment, submits to the jurisdiction, and waives the irregularity. *Bivins v. State* (1985), Ind., 485 N.E.2d 89, 92.

■ Thus, any irregularities committed by the Starke Circuit Court by Matsey's appointment as judge pro tempore were

---

1. As master commissioner Matsey could properly perform the non-judicial function of choosing a panel of judges from which the parties chose a special judge.

waived by Guy for failure to make contemporaneous objections.

Next, Guy argues the court erred in failing to disqualify the Starke Circuit Court from further proceedings after the court appointed a special prosecutor to pursue any proceedings against Guy for perjury during the provisional hearing or the burglary of the marital residence. Guy fails to support this argument with any authority. Furthermore, Guy did not file a change of venue motion and did not object to the court hearing the case until he received an adverse judgment. Therefore, this issue is waived.

Finally, Guy contends the court erred in not placing a value on the marital assets divided in the dissolution decree. However, Guy cites no authority requiring a court to value the property divided in a dissolution decree. Instead he argues the court erred in failing to credit him for support payments he made to Essie prior to the dissolution decree.

The determination of temporary support and maintenance is committed to the sound discretion of the trial court. On appeal, we will consider the evidence most favorable to the court's decision and will reverse only where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807; *In re: Marriage of McDonald* (1981), Ind.App., 415 N.E.2d 75.

Similarly, whether to give credit for temporary support and maintenance in the final division of the property lies within the sound discretion of the trial court. *Herron v. Herron* (1983), Ind.App., 457 N.E.2d 564, 567. We find no abuse of discretion here.

The trial court is affirmed.

MILLER, J., concurs.

SHIELDS, P.J., concurs in result.