Marjorie F. MARSHALL,
Appellant–Plaintiff,

v.

Michael R. WOODRUFF, Donna J. Woodruff, and Norman L. Woodruff, Appellees–Defendants.

No. 20A03–9303–CV–92.

Court of Appeals of Indiana,
Third District.

March 21, 1994.

Rehearing Denied June 6, 1994.

Donald E. Wertheimer, South Bend, for appellant-plaintiff.

Penny L. Carey–Largent, Annette F. Rush, UAW Legal Services Plan, Kokomo, for appellee-defendant Norman L. Woodruff.

HOFFMAN, Judge.

Appellant-plaintiff Marjorie F. Marshall appeals from a judgment for appellee-defendant Norman L. Woodruff dismissing the complaint against him as personal guaranty to a land sale contract.

Marshall raises three issues which we consolidate as one for review: whether the trial court abused its discretion in sanctioning Marshall and ultimately dismissing her cause of action against Woodruff for failing to comply with discovery orders pursuant to Ind.Trial Rule 37(B).

The facts relevant to the appeal disclose that Michael and Donna Woodruff executed a land sale contract with Marjorie Marshall for the purchase of real estate. Norman Woodruff signed as personal guaranty to the contract. Subsequently, Michael and Donna Woodruff defaulted on the contract. On December 7, 1988, Marshall filed suit against Michael and Donna Woodruff alleging breach of contract and against Norman Woodruff as personal guaranty. On April 17, 1989, Woodruff propounded his first set of interrogatories and a request for admissions to Marshall. On June 14, 1989, Woodruff filed a motion to expedite time for response to discovery, which was granted by the court. He also propounded a supplemental set of interrogatories to Marshall. On July 17, 1989, Woodruff filed his first motion to compel discovery, contending that Marshall failed to attach various documents as provided in her answers to the first set of interrogatories, specifically interrogatories numbers 2, 5, and 6, despite being twice put on notice that the documents were not forwarded. Woodruff also asserted that Marshall refused to answer questions 4, 5, 6, 8, 11, 12, 13, 17, 18, 19, 20, 21, 22, 23, and 24 of the supplemental set of interrogatories. On August 1, 1989, Marshall filed an objection to the motion to compel or in the alternative a motion for a protective order.

On February 14, 1991, Woodruff filed his second motion to compel discovery or in the alternative requested that the trial court dismiss the action against him. In addition to the basis relied upon in his first motion to compel, Woodruff contended that at the October 26, 1990 deposition of Marshall he had asked for an itemization of all tax benefits regarding the property and for a copy of the deed, which Marshall had failed to provide. Marshall filed a response to the motion to compel on March 13, 1991. Marshall contended that as for the first set of interrogatories, the documents were inadvertently omitted and were subsequently provided in a letter sent to Woodruff's counsel July 31, 1989; that there was no hearing as to the supplemental set of interrogatories; and that Marshall's tax returns for the years in question had not yet been prepared. On March 26, 1991, following a telephonic conference with both parties, the court entered an order compelling discovery. On April 16, 1991, the court denied Woodruff's motion to dismiss for failure to comply with discovery; however, it imposed as a sanction the attorney's fees expended by Woodruff in an attempt to compel discovery. The court further ordered that the action against Woodruff would be dismissed if the requested discovery information was not received by October 15, 1991. Marshall was sanctioned $500.00 in attorney's fees for her failure to comply with discovery.

On January 10, 1992, the court found that Marshall had failed to comply with the discovery orders and ordered her to comply with all discovery requests including the payment of the $500.00 sanction by February 14, 1992. On February 13, 1992, Marshall filed a proof of compliance with outstanding discovery, which stated, in part, that the tax documents could not be produced as they had still not been prepared. On March 23, 1992, the court noted receipt of the letter from Woodruff's counsel requesting release of the $500.00 sanction and a ruling on the motion for dismissal due to non-compliance with discovery. The court ordered the clerk's office to release the $500.00 and deferred ruling on the dismissal as an additional sanction. Thereafter, Woodruff filed a motion for summary judgment. On October 2, 1992, the court denied Woodruff's motion for summary judgment. The court, however, granted

Woodruff's motion for dismissal based upon Marshall's non-compliance with discovery. Marshall now appeals.

■ Marshall alleges that there was never a formal motion or request for production of documents; therefore, there was nothing to base the order compelling discovery upon. In the notice of examination and the subsequent subpoena duces tecum, Marshall was requested to provide tax information and returns for the tax years 1988–1989. Ind.Trial Rule 30(B) states, in part: "If a subpoena duces tecum is to be served on the person to be examined, a designation of the materials to be produced thereunder shall be attached to or included in the notice." T.R. 30(B)(1). Further, notice to a deponent may be accompanied by a request for the production of documents. *See* T.R. 30(B)(5); *see also Subpoena Duces Tecum to Stearns v. Zulka* (1986), Ind.App., 489 N.E.2d 146, 148 (Trial Rule 34 requires only a request setting forth the items to be inspected and specifying a reasonable time, place and manner for inspection; a motion is not required). Woodruff's request for the tax documents was proper.

■ Marshall also asserts that the trial court abused its discretion in sanctioning her for failure to comply with the discovery orders. Specifically, she argues that since the requested tax documents had not been prepared, it was impossible for her to comply with the discovery order.

■ The trial court is vested with broad discretion in ruling on the issues of discovery, and this Court will interfere only when an abuse of discretion is apparent. *Lucas v. Dorsey Corp.* (1993), Ind.App., 609 N.E.2d 1191, 1195, *trans. denied; Keesling v. Baker & Daniels* (1991), Ind.App., 571 N.E.2d 562, 566–68 *trans. denied.* To obtain reversal of a trial court's discovery order the moving party must show that he was prejudiced. *Id.* The Indiana rules of discovery are designed to allow a liberal discovery procedure, the purposes of which are to provide parties with information essential to litigation of all relevant issues, to eliminate surprise, and to promote settlement. *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 526, 528. Discovery is designed to be self-executing with little, if any, supervision of the court. *Id.; Lucas,* 609 N.E.2d at 1196.

■ Ind.Trial Rule 37(B) provides trial courts with sanctions they may impose on litigants for failure to comply with discovery orders. *Nesses v. Specialty Connectors Co., Inc.* (1990), Ind.App., 564 N.E.2d 322, 326. The rule provides, in pertinent part: "If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just...." T.R. 37(B)(2). Included within such sanctions is an order striking out pleadings, staying the action until the order is obeyed, dismissing the action in whole or in part, or rendering a default judgment against the disobedient party. The court may also require the party or his attorney, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure to comply. T.R. 37(B)(2)(c). Whether to impose the ultimate sanction of dismissal or default is a matter for the trial court's discretion. *Nesses,* 564 N.E.2d at 327. Further, a trial court is not necessarily required to impose a lesser sanction before dismissal or default judgment. As explained in *Nesses:*

"This is especially true when the disobedient party has demonstrated contumacious disregard for the court's orders, 'and the conduct of that party has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate.'"

*Id.* at 327 (quoting *Whitewater Valley Canoe Rental, Inc. v. Franklin Cty. Bd. of Commissioners* (1987), Ind.App., 507 N.E.2d 1001, 1008, *trans. denied* ).

In the present case, Marshall has continually been reticent in her compliance with discovery of information. Although information requested in the first and supplemental set of interrogatories was eventually provided, it was only after numerous requests by Woodruff's counsel and court-ordered compliance. Further, the trial court issued three orders which set deadlines for compliance with the discovery orders to produce the tax information and returns. Two of the court orders, setting deadlines of October 15, 1991

and February 14, 1992 to produce the documents, expressly warned Marshall that failure to comply would result in dismissal.

Marshall contended that her tax returns had not been completed by her accountant, Michael Kridel. On April 15, 1991, Woodruff's counsel forwarded a letter to the court received from Kridel. The letter indicated that Kridel anticipated filing the Marshalls' tax returns for 1987, 1988, 1989, and 1990 on or before October 15, 1991, provided his clients provided him with the proper data. In a letter to Marshall's counsel dated October 14, 1991, and attached to Marshall's October 14, 1991 and February 13, 1992 Notice of Service of Discovery Responses, Kridel noted that he had:

> "not been provided with any information relating to a default in 1988 and I cannot determine the tax treatment of this default until I receive completed information and documentation relating to it. . . ."

Throughout the body of the letter, Kridel asserted that the tax benefits and returns would be completed if his clients, the Marshalls, would provide him the necessary information. The trial court did not abuse its discretion in concluding that Marshall's refusal to produce the tax information, which was not available due in large measure to the fact that she and/or her husband failed to provide the required information to her accountant, amounted to a contumacious disregard for the trial court's orders of April 16, 1991 and January 1, 1992. Under the facts and circumstances of this case, the imposition of a $500.00 sanction for non-compliance and the subsequent dismissal were not an abuse of the trial court's discretion.

■ Further, Marshall contends that the information sought is privileged and confidential and that any tax benefit may not be used to mitigate damages; thus, the trial court abused its discretion in compelling discovery. Ind.Trial Rule 34, regarding requests for the production of documents, provides, in part:

> "The party upon whom the request is served shall serve a written response within a period designated in the request, not less than thirty [30] days after the service thereof or within such shorter or longer time as the court may allow. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless it is objected to, in which event the *reasons for objection shall be stated.* If objection is made to part of an item or category, the part shall be specified. The party submitting the request may move for an order under Rule 37(A) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested." (Emphasis added.)

T.R. 34(B).

In response to Woodruff's request for production of the tax information, Marshall's counsel stated that the tax returns had not yet been prepared and that if there was other related information it could be produced. Thereafter, Woodruff filed a motion to compel production. Marshall's response again stated only that the information was unavailable. T.R. 34(B) clearly provides that a party objecting to the request for production of documents shall state his reasons for objection. Prior to her motion to correct errors, Marshall never contended the information was privileged or otherwise undiscoverable as it related to the issue of damages. Marshall cannot now rely on these untimely reasons for objection. *See* T.R. 34(B); *see also Rodgers v. Rodgers* (1987), Ind.App., 503 N.E.2d 1255, 1257, *trans. denied* (party may not raise issue for the first time in his motion to correct errors or on appeal that was not raised in the trial court). The dismissal of the action against Norman Woodruff is affirmed.

Affirmed.

GARRARD and SULLIVAN, JJ., concur.