**Anthony W. DIKE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 53A04–9403–CR–126.[1]

Court of Appeals of Indiana,
First District.

Nov. 7, 1994.

Rehearing Denied Jan. 9, 1995.

Transfer Denied March 15, 1995.

Philip A. Sallee, Bloomington, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

### OPINION

Anthony W. Dike brings this discretionary interlocutory appeal of the trial court's denial of his motion to suppress evidence seized under a search warrant. Dike raises four issues, which we restate and consolidate into

1. This case was transferred to this office Oct. 5, 1994 by direction of the Chief Judge.

one analysis, and affirm.[2] The consolidated issue may be restated as:

whether the magistrate, who was appointed by order of the court in 1989 by a judge who retired effective December 31, 1992, was serving as a properly appointed magistrate when she issued the search warrant on January 3, 1993?

## FACTS

The pertinent facts are undisputed. On August 5, 1989, the judge of the Monroe Circuit Court, James M. Dixon, appointed Ms. Viola J. Taliaferro as full-time Magistrate of the Monroe Circuit Court under the authority of Ind.Code 31–6–9–2, which provides:

The *judge* of the juvenile court may appoint one (1) or more full-time magistrates under IC 33–4–7.

(Emphasis added). Indiana Code 33–4–7–1 provides:

This chapter applies to a *court* expressly authorized by statute to appoint a full-time magistrate.

(Emphasis added).

In 1989, Monroe County had a Circuit Court with one judge and a Superior Court with five judges. I.C. 33–4–1–53; 33–5–36.1. The combination of the Circuit Court and the Superior Court was known as the Monroe Unified Courts. The Circuit Court retained exclusive jurisdiction of certain matters, including juvenile proceedings. I.C. 33–5–36.1–4.

The order appointing Taliaferro reads in pertinent part as follows:

The *Court* issues Appointment of Viola J. Taliaferro as magistrate of Monroe Unified Courts ...

(Emphasis added). The order was signed by James M. Dixon, Judge of the Monroe Circuit Court. In her "Oath Of Appointment," Taliaferro swore that:

... I WILL FAITHFULLY AND IMPARTIALLY PERFORM MY DUTIES AS **MAGISTRATE OF MONROE UNI-**

FIED COURTS ACCORDING TO LAW AND TO THE BEST OF MY SKILL AND ABILITY, ...

(Emphasis in original).

Effective January 1, 1991, the Monroe County courts underwent a reorganization. I.C. 33–4–10–1 through 33–4–10–8. The Superior Courts went out of existence, and the Monroe Unified Courts became the Monroe Circuit Court with six judges. P.L. 40–1990. Indiana Code 33–4–10–2 reads:

Subject to the budget approved for the court by the fiscal body of Monroe County, the *court* may appoint in writing one (1) or more magistrates under IC 33–4–7 to serve the court.

(Emphasis added). The reorganization scheme provides that whenever action of the entire court is required (including presumably, the appointment of a magistrate), the six judge panel is to act in concert. I.C. 33–4–10–4. With respect to administrative personnel, I.C. 33–4–10–7 provides:

(a) Each *judge* of the court may, subject to the budget approved for the court by the fiscal body of Monroe County, employ personnel necessary for the proper administration of the court.

(b) Personnel employed under this section:

(1) include court reporters, bailiffs, clerical staff, and any additional officers necessary for the proper administration of the court; and

(2) are subject to the rules concerning employment and management of court personnel adopted by the *court* ...

(Emphasis added).

After the reorganization, Taliaferro continued to serve as Circuit Court magistrate without reappointment.

Judge Dixon retired effective December 31, 1992. Dixon's successor, Judge Michael Hoff assumed office January 1, 1993. Taliaferro continued to serve as Circuit Court magistrate without reappointment.

---

**2.** Dike's first two issues relate to whether the person who issued the warrant was properly appointed as magistrate at the time she issued the warrant. Dike's final two issues assume that the magistrate was not properly appointed. As we have determined that the magistrate was validly appointed, we need not address Dike's final two issues.

On Sunday evening, January 3, 1993, police officers contacted Taliaferro, who was serving as the "duty judge" of the court, and requested that she issue a warrant to search Dike's home. Taliaferro issued the warrant. The search of Dike's home uncovered approximately four pounds of marijuana.

Dike filed the instant motion to suppress, arguing that, on January 3, 1992, Taliaferro was not a properly appointed judicial officer and lacked the authority to issue a search warrant. The trial court denied Dike's motion and this appeal ensued.

## DECISION

In Indiana, a properly appointed magistrate has authority to issue a search warrant. I.C. 33–4–7–4. Dike concedes, for purposes of this appeal, that if Taliaferro was a properly appointed magistrate at the time she issued the instant warrant, the warrant is valid.

Dike argues that Taliaferro's appointment as magistrate terminated either 1) January 1, 1991 (when the Monroe County courts were reorganized), or 2) December 31, 1992 (when Judge Dixon retired). After the January 1, 1991, restructuring of the Monroe County Courts, Judge Dixon was no longer the sole Circuit Court judge and all the circuit court judges were to "act in concert" in appointing magistrates. I.C. 33–4–10–2; 33–4–10–4. Dike argues that Taliaferro's appointment was "implicitly terminated" (Dike's brief p. 8) when the reorganized Monroe Circuit Court did not reappoint her after January 1, 1991. Dike argues further, that even if Taliaferro's appointment did not expire with the reorganization of the court, it necessarily terminated contemporaneously with Judge Dixon's retirement. In either circumstance, Dike reasons that Taliaferro lacked the authority to issue the instant warrant on January 3, 1993, and the contraband seized under the warrant must be suppressed.

Our legislature has not prescribed the tenure of magistrates for the Monroe Circuit Court.[3] Therefore, Article XV, § 2, of the Indiana Constitution applies. It reads:

> When the duration of any office is not provided for by this Constitution, it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the *authority* making the appointment.

(Emphasis added).

A court consists of persons officially assembled at a time and place appointed by law for the administration of justice. *State ex rel. Harp v. Vanderburgh Circuit Court* (1949), 227 Ind. 353, 85 N.E.2d 254. Although a court cannot exist without a judge, a judge is not the court. *Id.*

The statutory scheme under which Taliaferro was appointed is ambiguous. As noted above, Indiana Code 31–6–9–2 authorizes the *judge* of the juvenile court to appoint a magistrate under I.C. 33–4–7 while I.C. 33–4–7 expressly applies to a *court* authorized by statute to appoint a magistrate.

However, the ambiguity does not affect the result in the present case. The order of Taliaferro's appointment is not ambiguous: the order appointing Taliaferro (as set out above) was an order of the *court,* signed by Judge Dixon.

Moreover, the 1991 reorganization did not divest the Monroe Circuit Court of any authority. Juvenile jurisdiction and the authority to appoint a magistrate remained with the court. If anything, the reorganization cleared up any ambiguity by providing that, in Monroe County, magistrates are to be appointed by the *court* (I.C. 33–4–10–2), while court personnel are to be employed by each *judge* (I.C. 33–4–10–7(a)).

Taliaferro continued to serve as magistrate of the Monroe Circuit Court after the 1991 reorganization at the pleasure of the court. Therefore, Taliaferro's appointment did not

---

**3.** *Compare* Ind.Code 33–5–29.5–7.2 (Magistrate of the Lake County Superior Court "continues in office until removed by the *judge* that the magistrate serves.") (Emphasis added). *Also Compare* The Indiana Magistrates Court Act (repealed) (Appointments of magistrates to be made by the *judge* of the circuit court. Magistrates are appointed for a term of three years or until the *judge* who appointed him ceases to serve as judge.) *Petition for the Appointment of Magistrates For the City of Beech Grove* (1940), 216 Ind. 417, 24 N.E.2d 773.

implicitly terminate as Dike asserts. On the contrary, the Court implicitly ratified her earlier appointment.

Similarly, Taliaferro's appointment was not terminated by Judge Dixon's retirement. The reorganized Monroe Circuit Court had implicitly ratified her appointment and she continued to serve as magistrate at the pleasure of the court after Judge Dixon's retirement.

Thus, Taliaferro was a properly appointed magistrate of the Monroe Circuit Court on January 3, 1993, when she issued the warrant to search Dike's house. Therefore, the warrant was valid and the trial court did not err in denying Dike's motion to suppress.

Judgment affirmed.

BAKER, J., concurs.

CHEZEM, J., concurs in result.