

**FILED**

Jan 19 2024, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT
AMW INVESTMENTS, INC.

Matthew J. Hoffer
Shafer & Associates, P.C.
Lansing, Michigan

Kenneth C. Pierce
Blanton & Pierce, LLC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE
THE TOWN OF CLARKSVILLE

C. Gregory Fifer
Jeffersonville, Indiana

Scott D. Bergthold
Law Office of Scott D. Berghold,
PLLC
Chattanooga, Tennessee

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| AMW Investments, Inc. et al., *Appellants,* <br><br> v. <br><br> The Town of Clarksville, et al., *Appellees.* | January 19, 2024 <br><br> Court of Appeals Case No. 23A-PL-508 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Marsha Owens Howser, Special Judge <br><br> Trial Court Cause No. 10C04-1905-PL-51 |

**Opinion by Judge Bailey**
Judge May concurs.
Judge Felix concurs in result with separate opinion.

**Bailey, Judge.**

## Case Summary

AMW Investments, Inc. ("AMW") appeals the trial court's order finding it in contempt of an order compelling discovery responses. AMW raises one dispositive issue, which we restate as: whether the contempt order must be reversed because the trial court abused its discretion when it issued an order compelling AMW to respond to the Town of Clarksville's ("Town") discovery requests without considering objections raised in AMW's First Supplemental Answers.

We reverse and remand with instructions.

## Facts and Procedural History

AMW owns real estate located at 4505 Highway 31 East, Clarksville, Indiana, and it leases the property to Midwest Entertainment Ventures, Inc. (d/b/a Theatre X) ("MEV"),[1] an adult entertainment venue. AMW and MEV share the same principal business address in Michigan.

In May 2019, Town revoked Theatre X's adult business license due to zoning ordinance violations. On May 6, 2019, MEV filed a Petition of Appeal of Revocation of Adult Entertainment License in the Clark Circuit Court. Town filed an Answer to the Petition, as well as counterclaims against MEV and

---

[1] MEV is not a party to this appeal, as Town's contempt motion was filed against AMW only.

AMW, seeking, in part, a preliminary injunction enjoining MEV and AMW from operating Theatre X in violation of zoning ordinances. MEV and AMW then filed motions to dismiss Town's counterclaims and motion for preliminary injunction.

[5] In November 2019, the trial court denied the motions to dismiss and granted Town's motion for preliminary injunction. The preliminary injunction placed specific operating restrictions upon Theatre X, including limiting its hours of operation. On December 19, AMW and MEV filed an interlocutory appeal of the preliminary injunction order.

[6] On December 17, 2019, Town filed a motion in which it sought an order imposing fines for AMW's and MEV's ordinance violations. In February 2020, AMW and MEV served discovery documents upon Town. On February 25, the trial court issued an order on Town's motion for fines, stating, in relevant part, "[b]ecause the Court's Order of November 21, 2019, is currently on appeal, the Court finds it is without authority to order the relief sought by the Town." Town's App. v. II at 194. However, because it found "these issues may arise again," the trial court made six pages of findings related to the Town having "Satisfied Its Notice Obligations" and AMW being "jointly responsible with MEV for the maintenance of Theatre X." *Id*. at 194, 198.

[7] Town provided responses to AMW's and MEV's discovery requests. On May 28, 2020, Town propounded its own discovery requests upon AMW and MEV; specifically, interrogatories, requests for production of documents, and requests

for admissions. Thereafter, AMW requested and obtained an extension of time in which to respond to the discovery requests. On July 15, 2020, AMW submitted its responses to discovery, and, for each and every discovery request, replied only:

> AMW objects on the basis that discovery is premature and inappropriate during the pendency of appeal. AMW has consistently challenged the propriety of 'counterclaims' in the context of an administrative or municipal appeal. That issue is currently on appeal in the context of AMW'S appeal of the Order Granting Preliminary Injunction on November 21, 2019. The Court explicitly noted in its February 25, 2020[,] Order Regarding Motion for Imposition of Fines that it presently lacks authority during the pendency of the Appeal. This discovery request was issued after the divesture of jurisdiction and during the period jurisdiction was divested by way of appeal. All further and additional objections are reserved.

August 12, 2021, Appealed Order Granting Motion to Compel at 2-3.

[8] After complying with the Trial Rule 26(F) requirement to attempt informal resolution of the discovery dispute and reaching no such resolution, on August 28, 2020, Town filed a Motion to Compel discovery responses. In that motion, Town noted, "Nor did MEV or AMW raise any substantive objection other than 'jurisdiction was divested' by their appeal, and that the 'discovery request was issued after the divestiture of jurisdiction.' … Thus, MEV and AMW have waived any objection other than the jurisdictional one." AMW App. v. II at 81. On September 4, 2020, AMW filed its response in which it argued only that the trial court had been "divested of jurisdiction," *id*. at 89, over the case

because AMW's interlocutory appeal was pending, and that "any discovery" regarding issues raised on appeal "is foreclosed as this Court currently lacks jurisdiction over those issues," *id*. at 91. In a docket entry on September 23, the trial court stated: "Because this case is on appeal, the trial court will not rule on matters until the appeal has been decided." *Id*. at 16 (CCS).

[9] In October 2020, a panel of this Court affirmed the preliminary injunction in Town's favor, and in March 2021, the Supreme Court denied transfer. *Midwest Ent. Ventures, Inc. v. Town of Clarksville*, 158 N.E.3d 787, 789 (Ind. Ct. App. 2020), *trans. denied*. On April 29, Town filed a reply brief in support of its Motion to Compel Discovery. The reply brief argued that (1) the interlocutory appeal had not stayed discovery, and (2) AMW had "waived all other objections to the discovery requests" by failing to raise them in any of its discovery responses. AMW App. v. II at 107. Town devoted a three-paragraph section of its brief to the latter argument.

[10] On that same date, the trial court held a pretrial conference and scheduled a June 21, 2021, hearing on the motion to compel discovery, which was subsequently rescheduled to July 8, 2021. Prior to the July 2021 hearing, AMW did not file any additional briefing or other documents in response to Town's claims that AMW had waived all objections other than jurisdiction. On June 18, 2021, AMW tendered to Town its First Supplemental Responses to Discovery, in which it raised multiple objections, including objections related to relevance, attorney-client privilege, vagueness, overbreadth, unduly burdensome requests, harassment, accountant-client privilege, and attorney

work product doctrine. On July 8, 2021, Town filed a supplemental brief in support of its motion to compel, arguing again that AMW had waived any discovery objection other than the original objection related to the trial court's alleged lack of jurisdiction.

[11] On July 9, the trial court conducted a hearing on Town's Motion to Compel Discovery. On August 12, 2021, the trial court issued its "Findings and Order Granting Respondent[']s Motion to Compel Discovery." August 12, 2021, Appealed Order at 1. The court order found that MEV's and AMW's theory that they were not required to respond to discovery because the trial court lacked jurisdiction while the interlocutory appeal was pending was without merit. In so holding, the trial court cited Indiana Appellate Rule 14(H), which states in relevant part, "An interlocutory appeal shall not stay proceedings in the trial court unless the trial court or a judge of the Court of Appeals so orders." *Id*. The trial court noted:

> No judge of the Court of Appeals ordered a stay of proceedings. Neither did this Court. The Court did note in its Order Regarding Motion for Imposition of Fines that it lacked authority to grant the Town's request for $770,000 in fines during the appeal (Feb. 25, 2020, Fines Order at 2), but it never stated it lacked jurisdiction over the case or that any proceedings (including discovery) were stayed. In fact, this Court ruled on several matters in that same February 25, 2020[,] Order as the Court found "these issues may arise again." (*Id*.)

*Id*. at 5-6.

[12] The trial court also found that AMW and MEV had waived any discovery objections that they had "failed to raise in their original responses." *Id*. at 6-7. In support, the trial court noted that the discovery rules require a party responding to discovery to answer the requests or else state an objection and the reasons for the objection. The court also cited *Marshall v. Woodruff*, 631 N.E.2d 3, 6 (Ind. Ct. App. 1994), as support for its finding that "[a] party that fails to timely assert that information is privileged or otherwise undiscoverable in his response waives reliance on those objections." *Id*. at 6. The trial court ordered AMW and MEV to answer Town's discovery requests within thirty days and "withhold nothing on the basis of any objection that they failed to raise in their initial responses." *Id*. at 7.

[13] On September 13, 2021, AMW tendered to Town its second supplemental discovery responses. On November 8, 2021, Town filed a motion to hold AMW[2] in contempt of the court's August order compelling discovery responses. On that same date, AMW filed an Affidavit with its Initial, First Supplemental, and Second Supplemental discovery responses attached thereto. On January 18, 2023, AMW filed its response to Town's motion for contempt, referencing the November 8 affidavit and attached supplemental discovery responses.

[14] The trial court conducted a hearing on the motion for contempt on January 19, 2023. In its February 7, 2023, order holding AMW in contempt of the August

---

[2] The Town did not file a similar motion against MEV.

12, 2021, order compelling discovery responses, the trial court specifically noted that AMW's first supplemental responses that were tendered on June 18, 2021, were "belated." Appealed February 7, 2023, Order at 4. The court reiterated that, in complying with the order compelling discovery responses, AMW was "not permitted to raise any objections, or withhold any information, when producing discovery." *Id.* at 5. The trial court found that AMW had "continued to object, and withhold documents, based on relevance and privilege[] objections that the Discovery Order held were waived." *Id.* at 7. The court found that those actions had violated the Discovery Order.

[15] The trial court imposed upon AMW a $30,000 civil sanction "to coerce AMW's compliance with the Discovery Order," but noted that "AMW can avoid this fine by complying with the Discovery Order—by fully answering the Town's discovery requests, providing the entirety of every responsive document, and withholding (including by redaction) nothing therefrom—within 30 days of this Order." *Id.* at 9. The court also found AMW liable for Town's attorney fees and expenses incurred in addressing AMW's failure to comply with the Discovery Order. This appeal ensued.

# Discussion and Decision

## Standard of Review

[16] AMW appeals the trial court's order finding it in contempt of the order compelling discovery responses and, in so doing, challenges the underlying

order compelling discovery responses.[3] We review those orders for an abuse of discretion.

> Trial courts "stand much closer than an appellate court to the currents of litigation pending before them," so they are better positioned to assess and manage discovery matters. *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012). They accordingly have "wide discretionary latitude," *Vanway v. State*, 541 N.E.2d 523, 527 (Ind. 1989), and their orders carry "a strong presumption of correctness," *Gonzalez v. Evans*, 15 N.E.3d 628, 633 (Ind. Ct. App. 2014), *trans. denied*; *see McCullough* [*v. Archbold Ladder Co.*], 605 N.E.2d [175,] 180 [Ind. 1993]. We will not overturn a decision absent clear error and resulting prejudice. *See Ind. Trial Rule* 61; *Vanway*, 541 N.E.2d at 527.

*Care Group Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018).

## Timeliness of AMW's Discovery Responses

[17] AMW filed its initial discovery responses on July 15, 2020, and those responses objected to the discovery requests solely on the grounds that the trial court allegedly lacked jurisdiction to rule upon discovery while the interlocutory appeal was pending. AMW admittedly raised no other objections in its initial discovery response. However, on June 18, 2021, which was over two weeks before the July 9 hearing on Town's motion to compel discovery, AMW supplemented its discovery responses; in its First Supplemental Responses,

---

[3] This Court has jurisdiction to review both the underlying order compelling discovery and the contempt order. *See, e.g.*, *Allstate Ins. Co. v. Scroghan*, 851 N.E.2d 317, 322 (Ind. Ct. App. 2006).

AMW raised additional discovery response objections, such as relevance and attorney-client privilege. In its August 12, 2021, order compelling AMW to respond to the discovery requests, the trial court found that AMW was not permitted to rely upon any objection other than the one raised in its initial—i.e., July 15, 2020—discovery response. Thus, the trial court refused to consider any of the objections AMW raised in its June 18 supplemental discovery response. It is that decision which AMW now appeals.[4]

[18] Pursuant to Trial Rule 26(B)(1), a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party[.]" The purpose of Indiana's discovery rules is "to allow a liberal discovery procedure" for the purposes of providing litigants "with information essential to the litigation of all relevant issues, eliminat[ing] surprise[,] and … promot[ing] settlement." *Canfield v. Sandock*, 563 N.E.2d 526, 528 (Ind. 1990).

---

[4] AMW argues, in addition, that its jurisdictional objection in its initial discovery response was correct; however, we hold that objection was clearly incorrect, as no stay of the proceedings had been issued. *See* Ind. Appellate Rule 14(H) ("An interlocutory appeal shall not stay proceedings in the trial court unless the trial court or a judge of the Court of Appeals so orders."); *Battering v. State*, 150 N.E.3d 597, 602 (Ind. 2020) (emphasis original) ("A plain reading of [Indiana Appellate Rule 14(H)] provides that an interlocutory appeal *only* constitutes a stay *if* the trial court or the Court of Appeals so orders.").

AMW also argues on appeal that the Town waived its claim that AMW waived any objections not contained in its original discovery response, e.g., relevance. AMW asserts that Town waived that claim by not sufficiently raising it in the trial court. However, that assertion is incorrect, as Town clearly raised the waiver argument in both its August 28, 2020, Motion to Compel and its April 29, 2021, Reply Brief in Support of Motion to Compel. See AMW's App. at 81; Town's App. v. II at 234-238. And AMW had the opportunity to—and did—respond to those arguments.

[19] Discovery requests such as interrogatories, requests for production of documents, and admissions "shall be answered separately and fully in writing under oath, unless [they are] objected to, in which event the reasons for objections shall be stated in lieu of an answer." T.R. 33(B) (regarding interrogatories); *see also*, T.R. 34(B) (requiring a written response to a request for production of documents "unless it is objected to… in which event the reasons for objection shall be stated"); T.R. 36(A) (providing that, "if objection is made" to a request for admission, "the reasons therefore shall be stated").[5]

[20] Indiana Trial Rule 26(E) not only allows supplementation of discovery responses that were not "complete when made[,]" but requires such supplementation. T.R. 26(E). Trial Rule 26(E)(a) and (b) states, "A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (a) he knows that the response was incorrect when made, or (b) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment." *See also, e.g.*, *Morse v. Davis*, 965 N.E.2d 148, 160 (Ind. Ct. App.) (citing *Johnson v. Wait*, 947 N.E.2d 951, 962 (Ind.Ct.App.2011), *trans. denied*) ("Indiana Trial Rule 26(E) requires parties to supplement discovery responses after the initial response."), *trans. denied*; *Lucas v. Dorsey Corp.*, 609 N.E.2d 1191, 1196 (Ind. Ct. App. 1993) ("The duty

---

[5] Thus, as indicated by the plain language of our discovery rules, a "response" to discovery is an "answer" and/or an "objection." *See, e.g.*, T.R. 33(B).

seasonably to supplement a discovery response is absolute and is not predicated on a court order."), *trans. denied*.[6] Our Supreme Court has indicated that the duty to timely supplement a discovery response related to new information can continue even up to the eve of, or during, trial. *See Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 78 (Ind. 2006).

[21] Here, AMW's timely[7] discovery responses in its July 15, 2020, initial response addressed only the alleged lack of jurisdiction while the interlocutory appeal was pending and did not raise other objections. When the parties received the new information that the appeal had ended, it became clear that the objections based on jurisdiction, even if they had been correct when made (which they were not), were moot. Therefore, AMW supplemented its discovery responses with its additional responses, including new objections.[8] *See* T.R. 26(E)(a), (b). Trial Rule 26(E) allows such supplementation of discovery responses, and there was no deadline imposed in this case, either by the court or agreement of the

---

[6] In fact, even responses that were "complete when made" must be supplemented if they become incorrect or relate to witnesses and persons with discoverable knowledge. *See* T.R. 26(E)(1), (2).

[7] AMW had obtained an extension of time to respond to discovery requests, up to and including July 15, 2020.

[8] The concurrence would hold that the rule regarding supplementation of discovery is not even applicable to AMW's June 18, 2021, supplemental answers because there was no "new information" that would allow or require supplementation. However, as we note above, the relevant new information in this case was the final denial of AMW's interlocutory appeal. That new information made it clear that AMW's initial discovery responses based on the alleged "divestment" of jurisdiction pending the interlocutory appeal was no longer applicable and that supplemental responses were required. Thus, we analyze the timeliness of AMW's June 18, 2021, supplemental responses under Trial Rule 26 rather attempting to create a new balancing test for "untimely" responses under Rules 33, 34, and 37, as the concurrence suggests.

parties, for supplementing discovery responses. *See* T.R. 16(A), (J) (regarding pre-trial conferences and orders). Therefore, AMW's supplemental responses, filed before the hearing and the decision on Town's motion to compel, were "seasonable" and permissible.[9] T.R. 26(E). The trial court abused its discretion when it refused to consider AMW's supplemental discovery responses. And AMW was prejudiced by that error; not only was it limited to objections that had become moot, but it was required to provide full responses to discovery without the court's consideration of any of its supplemental objections.

[22] Both the trial court and Town pointed to *Marshall v. Woodruff*, 631 N.E.2d 3, 6 (Ind. Ct. App. 1994), as support for AMW's alleged waiver of any discovery responses other than its original responses. However, this reliance is misplaced. *Marshall* correctly held that any issue—including discovery responses—not raised in the trial court until a motion to correct error or appeal is waived as untimely. *Id*. at 8. However, that is not the situation in the case before us; AMW raised its additional objections to the discovery requests before the July 2021 hearing and August 2021 order compelling discovery and well before the February 2023 order finding it in contempt of the discovery order. *Marshall* is inapposite.

---

[9] AMW waited approximately three months to file its supplemental discovery responses after it obtained the "new information" that its interlocutory appeal had failed. Some may opine that three months is not "seasonable" per Rule 26(E), although we note that Town has not made that particular argument. However, as the rule does not provide a time limit for what is "seasonable," there was no discovery deadline in this case, and the supplemental response was filed weeks before the hearing on the motion to compel, we conclude that the supplemental responses were "seasonably" provided. T.R. 26(E).

As additional support for its claim that AMW must be held solely to its original discovery objections, Town points to federal procedural rules and caselaw[10] finding discovery objections waived when they were not "timely" asserted. *See* Fed. R. Civ. P. 33(b)(4) (interrogatory rule stating that "any ground not stated in a timely objection is waived");[11] *see also, e.g.*, *Byrd v. Reno*, No. Civ.A.96 2375, 1998 WL 429676, *4 (D.D.C. Feb. 12, 1998) ("A failure to file a timely objection to interrogatories constitutes a waiver of any objection unless good cause is shown."). However, this begs the question of what constitutes a "timely" objection. None of the cases—either state or federal—cited by Town prohibit consideration of supplemental discovery responses provided prior to a hearing and order on a motion to compel, when there was no deadline in place for supplementing discovery responses.[12]

# Conclusion

AWM's supplemental discovery responses, including objections, were timely submitted, as they were provided before the hearing on Town's motion to compel discovery responses and there was no deadline in this case that required an earlier supplementation of discovery responses. The trial court erred when it

---

[10] "Where a state trial rule is patterned after a federal rule, we will often look to the authorities on the federal rule for aid in construing the state rule[,]" although those authorities are not binding upon us. *Cleveland Range, LLC v. Lincoln Fort Wayne Assocs., LLC*, 43 N.E.3d 622, 624 n.1 (Ind. Ct. App. 2015).

[11] We note that Indiana's Rule 33 regarding interrogatories contains no such waiver language. T.R. 33(B).

[12] Moreover, we note federal law provides that even untimely responses may be allowed where good cause for the delay is shown. *See id.*

refused to consider the objections contained in AMW's first supplemental discovery responses. We reverse and remand with instructions to consider those objections.

Reversed and remanded with instructions.

May, J., concurs.

Felix, J., concurs in result with separate opinion.

**Felix, Judge, concurring in result.**

[26]     I concur in the result but respectfully disagree with the majority's analysis decision for three reasons.  It appears to me that the majority reaches the conclusion that AMW's objections, raised in its Supplemental Response, were not waived because they were not untimely.  First, I believe AMW's objections, raised in its Supplemental Response, were late and untimely.  However and secondly, I believe that a late-raised objection does not necessarily result in a waiver of that objection.  Finally, I believe *Marshall v. Woodruff* provides the outer boundaries for when a late objection can be deemed waived.  *Marshall* does not stand for the proposition that waiver of an objection only occurs when a late-raised objection gets raised at the motion-to-correct-error stage.  Here, we need to determine when the late-raised objections can be found to be waived.

[27]     To start, I believe that the timeliness and waiver of an objection to a discovery request are separate questions requiring separate analyses.  In other words, I do not believe an untimely objection to a discovery request necessarily waives that objection.

[28]     In support of its untimeliness-equals-waiver argument, Town references the Federal Rules of Civil Procedure.  Admittedly, Federal Rule of Civil Procedure 33 contains a blanket waiver provision.  *See, e.g.*, Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")  Federal case law has expanded that waiver

provision to Federal Rule Civil Procedure 34. *See Boles v. Aramark Correctional Svcs., LLC*, 2018 WL 3854143 (6th Cir. 2018). However, the Indiana Trial Rules do not include an equivalent—or any—waiver provision in Rules 33, 34, or 36. The argument that we should look to the federal rules for guidance on whether an untimely discovery objection is waived is not persuasive.

[29] Because our trial rules do not specify that an untimely objection to a discovery request is waived, and lacking any relevant guidance from the federal counterpart to those rules, I disagree that an untimely objection to a discovery request is necessarily waived. This determination of whether a late-submitted objection is waived should be decided by the trial court based upon facts and circumstances of the case as I will explain below.

[30] Secondly, I disagree with the majority's conclusion that AMW's objection was timely and with its reasoning that there was no deadline for making such an objection. The majority opinion is based on Trial Rule 26(E), which allows for supplementing a discovery response. However, Trial Rule 26(E) prescribes the duty to supplement a prior response in the event of "information thereafter acquired." T.R. 26(E). There is no indication that the objections here arise from or are based on information acquired after AMW filed its initial objection on July 15, 2020. As a matter of fact, it appears that AMW knew all along that its subsequently (and late-) raised objections could be asserted, they simply chose not to do so. As a result, I do not believe Trial Rule 26(E) applies. Instead, I believe the timeliness of an objection to a discovery request is more appropriately governed by the trial rules, here, Trial Rule 33, 34, and 36.

[31] Under our trial rules, the deadline for responding to a discovery request is set in the rule regarding the type of discovery at issue. *See* Ind. Trial Rule 33(B) ("Answers or objections to interrogatories shall include the interrogatory . . . to which an objection is being made. . . . [R]easons for objections shall be stated in lieu of an answer."); T.R. 33(C) (requiring responding party to serve "answers or objections within a period designated by the party submitting the interrogatories, not less than thirty [30] days after service"); T.R. 34(B) (requiring written response to requests for production of documents, including objections, within "a period designated in the request, not less than thirty [30] days after the service thereof"); T.R. 36 (deeming admitted any request for admission not answered or objected to "within a period designated in the request, not less than thirty [30] days after service thereof"). The deadlines for discovery responses, including objections, in those rules should be applied in this case.

[32] Here, AMW served its amended objections after the 30-day deadline set in the relevant trial rules, beyond any extension granted in a trial court order or allowed by Town, and more than 30 days after the Indiana Supreme Court denied transfer of the interlocutory appeal. As a result, I believe the objections AMW asserted in its June 2021 first supplemental responses were not timely.

[33] Finally, although I would find AMW's new objections to be untimely, I do not believe that AMW has waived those objections or that *Marshall v. Woodruff* requires a contrary conclusion. Marshall responded to a motion to compel discovery on the ground that the requested information was "unavailable."

*Marshall v. Woodruff*, 631 N.E.2d 3, 6 (Ind. Ct. App. 1994). Ultimately, the trial court dismissed Marshall's complaint for "non-compliance with discovery." *Id.* at 5. Marshall then filed a motion to correct error, asserting for the first time an objection to the discovery requested on the ground that it was privileged or otherwise undiscoverable. *Id.* at 6. "Prior to her motion to correct errors, Marshall never contended the information was privileged or otherwise undiscoverable as it related to the issue of damages. Marshall cannot now rely on these untimely reasons for objection." *Id.* In support, the court cited T.R. 34(B) and *Rodgers v. Rodgers*, 503 N.E.2d 1255, 1257 (Ind. Ct. App. 1987), which held that a party may not raise in a motion to correct error or on appeal an issue not raised in the trial court. In sum, *Marshall* tells us that an untimely objection is waived when it is asserted for the first time in a motion to correct error or later.

[34] Here, as the majority explains, AMW's objections were raised prior to the hearing on the Motion to Compel; in other words, much sooner than at the motion-to-correct-error stage. This begs the question, when does a late-raised objection become waived. I would suggest the following factors are relevant to that inquiry. To determine whether an untimely objection to a discovery request is waived, I believe courts should consider factors such as these:

      1. the obstreperousness of the party;

      2. the complexity (or lack thereof) of the issues;

3. the amount of time that passed between a motion to compel and the hearing on that motion;

4. the amount of time, effort, and/or expense the requesting party put into trying to get the issue resolved (*e.g.*, T.R. 26(F) efforts); and

5. good cause.

[35] Applying such an analysis to this case, I believe that AMW's supplemental responses (the late-raised objections) were late for the reasons explained above, but I would hold that those objections are not waived given: (1) the rare and unusual circumstances of this case, namely, the confusion created by the interlocutory appeal as to whether the trial court retained authority over the matter; (2) the lack of evidence that either party was being obstreperous; (3) the lack of any real effort by Town to resolve the issue, given that Town only sent a single letter to AMW pursuant to T.R. 26(F); (4) the fact that Town's Motion to Compel was filed on August 28, 2020, and the hearing on that motion did not occur until July 9, 2021; and (5) the fact that the amended/supplemented objections were filed prior to the hearing on the motion to compel.

[36] For these reasons, I concur and would also reverse the trial court's decision.